## SUPREME COURT.

PATRICK HENNESSEY, plaintiff in error agt. THE PEOPLE, defendants in error.

If a person set fire to a building, and thereby an *adjoining* building is set fire to or burnt, he can be indicted and convicted of setting fire to the latter.

Where the prisoner was indicted for arson in the *first degree,* for feloniously setting fire in the night-time to the inhabited dwelling house of Caroline Brown, No. 35 Goerck street, in the city of New York, and the evidence tended to show that the prisoner set fire to his own store, No. 33 Goerck street, in which he had goods insured, and that the fire communicated to the dwelling house No. 35, adjoining, which was assumed on the trial to be inhabited,

*Held,* that the jury were authorized to disregard the circumstance of the dwelling house being *inhabited,* and to find a verdict of arson in the *third degree.* (ALLEN, J., *dissenting.*)

*New York General Term, June,* 1861.
CLERKE, SUTHERLAND and ALLEN, *Justices.*

C. O'CONNOR, *for plaintiff in error.*
N. J. WATERBURY, *dist. attorney, for defendant in error.*

By the court, SUTHERLAND, Justice. The plaintiff in error was indicted and tried at the oyer and terminer for arson in the first degree; that is, for feloniously setting fire to the dwelling house of one Caroline Brown, in which, at the time, there was a human being. The jury found him guilty of arson in the third degree.

The evidence showed, that about two o'clock on the morning of the 26th March, 1860, a fire was discovered in the frame building No. 33 Goerck street, in the Thirteenth ward of the city of New York, which had been previously occupied by the prisoner as a grocery store, and as a resi-

dence for his family, under a lease, which had two years to run, but which was uninhabited at the time of the fire; that some of the weather boards of the house No. 35 Goerck street were burned in the night-time, the fire having communicated from the building No. 33; that the building No. 35 Goerck street, on the night of the fire, was occupied by Caroline Brown as a lodger, and by others, and was the building mentioned in the indictment.

The testimony on the part of the people was, that Nos. 33 and 35 were adjoining buildings. On the part of the prisoner the proof was, that No. 33 had sagged off from No. 35, so as to be at the eaves fourteen or eighteen inches away from No. 35, while lower down they were closer together.

The case does not purport to contain all the evidence given on the trial to show that the prisoner wilfully caused the fire in No. 33. If it did, it would not be necessary to refer to such testimony to dispose of the questions presented by the writ of error in this case.

The material questions are presented by the exceptions of the prisoner's counsel to the charge of the judge, and to his refusal to charge as requested.

The counsel of the prisoner requested the court to charge the jury, first, that the prisoner should be acquitted of the charge against him, of setting fire to the house of Caroline Brown, being the house No. 35 Goerck street, the evidence showing that it was the house No. 33 Goerck street, a distinct and separate house, which was set fire to. Secondly, that upon the proof in reference to burning the house of Caroline Brown, (being No. 35 Goerck street,) that house being the one named in the indictment, and being an inhabited dwelling house, and the burning (if any) being at night, the jury must convict of arson in the first degree or acquit.

The court refused to charge either of these propositions, but did charge, that under the indictment charging the prisoner with setting fire to the building No. 35, if the

jury were satisfied that the prisoner set fire to No. 33, they might convict him of arson in the first degree; and, also further charged, that if the jury found the prisoner set fire to said building, the jury, under the provisions of the statute, which, in favor of the prisoner, allowed a conviction of a crime less in degree than the one laid in the indictment, might find the prisoner guilty of arson in the second degree, and that in this case they should so find, the prosecution asking for no higher conviction. The court also charged, as a distinct proposition of law, that setting fire to one of several adjoining buildings was, in law, setting fire to every building that was fired thereby.

The prisoner's counsel excepted to each part of the charge, as well as to each of the refusals to charge.

There was no request to have the question, whether Nos. 33 and 35 Goerck street were actually adjoining, submitted to the jury.

It must be assumed, I think, that the buildings Nos. 33 and 35 were adjoining, within the meaning of the statute; or that the jury would have found them to be so, had that question been submitted to them.

It is clear that under the indictment, the prisoner could not be convicted of setting fire to No. 33, or of setting fire to any building except the house mentioned therein, as the dwelling house of Caroline Brown.

Number 35 was properly laid in the indictment to be the house of Caroline Brown, but the proof must agree with the allegation of ownership as laid. (*The People* agt. *Gates*, 15 *Wend.*, 158.)

In an indictment for arson, the allegation of the ownership of the house or building is material; and a question as to the ownership or occupation of the house relates to the identity of the crime or the subject of the arson—not to the degree of the crime.

The exceptions to the charge of the court, and to the refusals of the requests to charge, present these two questions:

1st. If the prisoner set fire to the building No. 33, and the burning of that building, or of any part of it, communicated fire or set fire to the adjoining dwelling house No. 35, could the prisoner be convicted under the indictment of setting fire to No. 35 ?

2d. If he could, could he under this indictment be convicted of arson in the second, or any inferior degree ?

As to the first question: It appears to be perfectly settled, if the prisoner set fire to No. 33, and thereby the adjoining building No. 35 was set fire to or burnt, that he could be indicted and convicted of setting fire to No. 35. (2 *Russ. on Cr.*, 550; 2 *East. P. C.*, c. 21, §§ 8, 10, 31; *Rex* agt. *Cooper*, 5 *Carr. & P.*, 535.)

In law, and in morals, a person must be presumed to do, and be held responsible for doing, that which he sees must be the necessary and inevitable consequence of the immediate or direct act.

The second question is a question of more difficulty.

Arson, as defined in the Revised Statutes, is divided into or consists of four degrees.

The first degree, for which the prisoner was indicted, is defined to be " the wilfully setting fire to or burning in the night-time, a dwelling house, in which there shall be at the time some human being."

If the jury were satisfied from the evidence, that the prisoner wilfully set fire to No. 33, and that the burning of No. 33 communicated fire to No. 35, the jury might have convicted the prisoner of arson in the first degree, and so the court charged; but the court further charged that the jury might convict the prisoner of arson in the second degree, and the jury found him guilty, not of arson in the first or second degree, but in the third degree.

Could the prisoner be convicted of arson in the third degree under this indictment? If he could not, it will not be necessary to inquire whether he could have been convicted of arson in the second degree; but if the verdict

was authorized by the indictment, then it will be necessary to inquire whether he could have been convicted of arson in the second degree, as charged by the court, if the charge in that respect, assuming it to have been erroneous, could or might have prejudiced the prisoner.

The Revised Statutes define arson in the second degree to be :

1st. The wilfully setting fire to or burning any inhabited dwelling house in the day-time, which, if committed in the night-time, would be arson in the first degree.

2d. The wilfully setting fire to or burning in the night-time any shop, warehouse, or other building, not being the subject of arson in the first degree, but adjoining to or within the curtilage of any inhabited dwelling house, so that such house shall be endangered by such firing.

Arson in the third degree is defined to be :

1st. The wilfully setting fire to, or burning in the day-time, any shop, warehouse, or other building, which, if committed in the night-time, would be arson in the second degree.

2d. The wilfully setting fire to, or burning in the night-time, the house of another not the subject of arson in the first or second degree, any house of public worship, &c.

3d. The wilfully burning any building, shop, goods, &c., insured against loss or damage by fire, with intent to prejudice the insurer.

By a provision of the Revised Statutes, upon an indictment for an offence consisting of different degrees, as prescribed in the statute, the jury may find the accused not guilty of the offence in the degree charged in the indictment, but may find him guilty of any degree of such offence inferior to that charged in the indictment; but it would also seem to be a first principle in the administration of criminal justice, that a person should not be convicted of a crime not charged or included in the charge in the indictment.

With the exception of certain crimes, such as barratry, keeping a house of ill-fame, a common gaming house, or a disorderly house, it is a general rule that all the facts or circumstances which constitute the crime, as defined by the common law or by statute, should be stated in the indictment. (*The People* agt. *Taylor*, 3 *Denio*, 91; *Rex* agt. *Horne, Cowp.*, 683.)

Another general rule is, irrespective of the provision of the Revised Statutes above referred to, that where the crime as charged in the indictment includes an inferior crime, or a crime of an inferior degree, the jury may find the prisoner not guilty of the high crime, but guilty of the inferior crime, or crime of inferior degree. (*The People* agt. *Jackson*, 3 *Hill*, 92; *The People* agt. *White*, 22 *Wend.*, 175 *to* 177; *Lohman* agt. *The People*, 1 *Comst.*, 379.)

Thus, under an indictment for murder with a dangerous weapon, describing it, the jury may convict of murder, of manslaughter, or of an assault and battery merely, the two latter and lesser crimes being included in the charge of the former.

The provision of the Revised Statutes allowing a conviction for an inferior degree, under an indictment for the high crime, is, to some extent, a declaration of the common law. (*The People* agt. *Jackson*, 3 *Hill*, above cited.)

If, then, in this case, the prisoner could, under the indictment, be convicted of arson in the third degree, arson in the third degree, or some one of its classes or divisions, must be included in the charge or accusation of arson in the first degree in the indictment. (*The People* agt. *Didieu*, 22 *N. Y. R.*, 178, *reversing same case*, 4 *Parker Cr. R.*, 593, *and cases above cited.*)

If the inferior degree of which the prisoner was convicted was included in the charge of arson in the first degree in the indictment, then it may be said that the prisoner was also charged with arson in the third degree, and that the

Hennessey agt. The People.

proof of the crime, as charged in the indictment, involved the proof of arson in the third degree.

It was undisputed on the trial that the burning was in the night-time. The indictment is for setting fire to the dwelling house of Caroline Brown, in the night-time. The crime of setting fire to that house in the day-time could not be included in the charge of setting fire to it in the night-time, for night is not included in day; the one commences when the other ends; and the statute makes the time, day or night, a material part of the definition of the different degrees of arson.

On this ground alone, I think, the prisoner could not be convicted of arson in the third degree, as defined in the first class or division of the third degree.

It is clear that the prisoner could not be convicted of setting fire to the house of Caroline Brown, No. 35, with an intent to prejudice an insurer. First, because there was not the least evidence to show such intent. Secondly, because had there been such evidence, such offence would have been an entirely different offence from that charged in the indictment and not included in it. (*The People* agt. *Didieu, supra.*)

The question then is, whether arson in the third degree, as defined in the second class or division of that degree, is included in the first degree, as charged in the indictment?

The statute is, " Every person who shall wilfully set fire to or burn in the night-time, the house of another, not the subject of arson in either the first or second degree," &c.

The burning in this case was, and was charged to be, in the night-time.

The inhabited dwelling house of Caroline Brown was the subject of arson, either in the first or second degree. Setting fire to it in the night-time would be arson in the first degree; setting fire to it in the day-time arson in the second degree. The circumstance that there was a human being in it made it the subject of arson in either the first or second

degree. Disregard that circumstance and it becomes the subject of arson in the third degree. I think the jury could disregard that circumstance; at all events, having disregarded it, and found the prisoner guilty of arson in the third degree, can it be said that their verdict was irregular, or that they convicted the prisoner of a crime with which he was not charged? I think not. The subject, a dwelling house with a human being in it, includes the subject, a house without any one in it. The main subject of the arson is the dwelling house; the additional circumstance of its being inhabited, or having a human being in it, makes it the subject of arson in the first or second degree; drop that circumstance and it is the subject of arson in the third degree. The charge of firing a dwelling house, with a human being in it, includes the lesser crime or charge of firing it without a human being in it. The occupation of Caroline Brown might be proved to show the ownership of the house, as laid in the indictment; but if the jury disregarded the evidence of occupation for the purpose of reducing the crime to arson in the third degree, certainly the prisoner cannot complain.

My opinion is, therefore, that under the indictment the prisoner could be convicted of arson in the third degree.

There is more doubt whether he could have been convicted of arson in the second degree, as charged by the court. But it is not necessary to examine that question. If the charge of the court in that respect was erroneous, it could not possibly have prejudiced the prisoner. The jury, if satisfied as to the wilful firing, could clearly have convicted the prisoner of arson in the first degree, and the court so charged.

How, then, could an erroneous opinion on the legal question whether the prisoner could, if the proof was satisfactory, be convicted of arson in the second degree, a lesser crime, have prejudiced the prisoner? The jury did not

find the prisoner guilty of arson in the second degree, but in the third degree.

The court were clearly right in admitting the evidence that the prisoner had insured his goods in No. 33, for the purpose of showing a probable motive for setting fire to No. 33, and thereby to No. 35.

Upon the whole, I am of the opinion that the conviction was legal and regular, and that a new trial should be denied.

ALLEN, J., *dissenting*. I am of opinion that the conviction must be reversed. The prisoner was indicted for arson in the first degree, for burning the dwelling house of Caroline Brown in the night-time, there being at the time a human being therein. The proof tended to show that the prisoner set fire to his own store, in which he had goods insured, and that the fire communicated to the house of Brown; and the fact that the latter was a dwelling house, as well as the other fact that there was at the time a human being in it, was assumed upon the trial. If there had been no human being in the house, then the burning of it would have been arson in the third degree. (2 R. S., 667, § 4.) But neither in the instruction of the court, nor in the requests of the counsel, was there any suggestion that the case could be brought within that provision. I have no doubt of the correctness of the charge that the prisoner could be convicted of burning the Brown house upon proof that he feloniously fired his own building, and that the fire communicated to the dwelling from it. But the judge charged that he could be convicted of arson in the second degree for burning a shop, &c., adjoining to or within the curtilage of an inhabited dwelling house, so that such house was endangered thereby. (2 R. S., 666, § 2.) But this is a distinct offence from that charged, and under an indictment for the one offence the prisoner could not lawfully be convicted of another. The jury at random have convicted the prisoner against the charge and against law, of arson in

the third degree, but whether for burning his own property to defraud insurers, or for burning the Brown house, no one knows. The error of the judge was not caused by the blunder of the jury.

Judgment should be reversed.