## W. H. HUDSON *v.* THE STATE.

FORMER CONVICTION. — THEFT of sundry articles at the same time and place, and by the same person, constitutes but a single offence, notwithstanding the articles severally belonged to different persons, and were taken severally from the possession of their respective owners. Wherefore, a former conviction or acquittal for the theft of any of the articles is a defence against a prosecution for the theft of the others. See the opinion *in extenso* as to the scope of the ruling.

APPEAL from the District Court of Gillespie. Tried below before A. W. MOURSUND, Esq., Special Judge.

A clear statement of the material facts will be found in the opinion of the court. A term of two years in the penitentiary was the penalty assessed against the appellant.

No brief for the appellant.

*W. B. Dunham*, for the State.      ·

Winkler, J.   The indictment upon which the appellant was convicted charges him with the theft of one gold watch, the property of Mrs. Juliet M. Hurndall, alleged to have been committed in Gillespie County, on August 13, 1879.   On the trial, the appellant, besides entering the plea of not guilty, pleaded a former conviction for the same offence, and on another indictment, and before the same tribunal wherein it was then sought to try him again.   The indictment pleaded in bar of this prosecution charges him with the theft of four national-bank notes, of the currency of the United States, of the value of $10 each; one national-bank note, currency of the United States, of the value of $5, and other articles of personal property and apparel described in the indictment, and amounting in the aggregate to the value of $97, averred to be the property of Herbert Hurndall. This also is alleged to have been committed on August 13, 1879.

On the trial, Mrs. Juliet M. Hurndall, the alleged owner of the gold watch mentioned in the indictment, testified that she knew the defendant in August, 1879; that he lived in their house three or four months, and left there in the night of the 13th of August, 1879; that between nine and ten o'clock on the 14th, following, she says, "we ascertained that my gold watch and the articles named in indictment No. 344 were missing.   We got all the articles back at the same time, from John Walter, sheriff of Gillespie County. *   *   *   The watch was taken from my trunk in my chamber."   On cross-examination, this witness testified that she and her two sons, Herbert Hurndall and Henry Hurndall, her husband, Mr. Hurndall, and the defendant, lived in the same house; that the articles mentioned in the indictment (No. 344) belonged to her son Herbert Hurndall, and that these articles and her watch were all missing on the morning of the fourteenth day of August, 1879, and all taken from the same house, but from different rooms; and that the house was under the control of her husband.

The indictment No. 344 was introduced in evidence, and also the verdict and judgment, by which the defendant was convicted and his punishment assessed at confinement in the State penitentiary for a term of ten years. Herbert Hurndall testified that the articles mentioned in indictment No. 344 belonged to him, and were taken from his room in the house occupied by himself, his brother, and his step-father and wife; that the four ten-dollar bills, currency, were taken from his trunk, in his room, and that his room is separate from Mrs. Hurndall's, but all in the same house; and that the house was under the control of the witness's step-father, Mr. Hurndall.

The only questions necessary to be considered arise on the plea of former conviction, and the correctness and sufficiency of the instructions given to the jury on that subject, under the pleadings and the evidence.

In *Wilson* v. *The State*, 45 Texas, 76, the Supreme Court had before it a case involving a question quite similar to the one here presented, and took occasion to examine authorities on the subject. The conclusion there reached is expressed in the opinion of the court in the following language : "Our conclusion is that the stealing of different articles of property belonging to different persons, at the same time and place, is but one offence against the State, and that the accused cannot be convicted on separate indictments charging different parts of one transaction as a distinct offence. A conviction on one of the indictments bars a prosecution on the other." In Wilson's case the court cite *Jackson and Laupher* v. *The State*, 14 Ind. 327, where it was said the indictment charged the defendant with stealing two horses. It appeared that, together with the horses, he stole saddles and bridles, though not so charged in the indictment, and this was objected to as a fatal variance. The court held that the omission to include in the indictment the other articles stolen at the same time, and forming part of a single offence, was for the defendant's benefit, if it had any bearing upon

the case. "The State cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime." In *Roberts and Copenhaven* v. *The State*, 14 Ga. 8, the court said the plea of former acquittal or conviction is sufficient whenever the proof shows the second case to be the same transaction with the first.

In *Addison* v. *The State*, 3 Texas Ct. App. 40, the indictment charged the theft of three different animals belonging to different persons, but averred them to have been taken from the possession of one person holding the animals for their respective owners, and it was averred in the indictment that the theft was one and the same act, done at the same time and place, without the consent of the person holding the property. The indictment was held to be sufficient, and it was also held that "the taking of several articles or animals at the same time and place constitutes one offence, whether the several articles or animals belonged to the same person or to different persons." This, we are of opinion, still is the law of theft in Texas, settled on authorities conclusive in their nature.

In the case under consideration, under the pleading and the evidence, do the proofs show that the theft charged in the two indictments constituted separate offences, or were they but parts of a single transaction, and did the court properly submit this question to the consideration of the jury?

In the general charge the jury were instructed to this effect: "If you are satisfied from the evidence adduced that the gold watch mentioned in this indictment was taken, if taken at all, at the same time and place, and from the possession of the same person, as the articles enumerated in the copy of the indictment attached to defendant's special plea of former conviction, then you will find said plea to be true, and say by your verdict, 'We, the jury, find defendant's plea of former conviction to be true, and find

defendant not guilty.'   If the evidence satisfies you that
the gold watch mentioned in this indictment was not taken
from the possession of the same person as the articles
mentioned in the indictment in case No. 344, or was not
taken at the same time or from the same place, you will find
defendant's plea of former conviction to be untrue.''

On the same subject the court gave, as shown by the bill
of exceptions, at the request of counsel for the defendant,
the following instruction :   '' When a variety of articles are
stolen at the same time, and from the same place, and from
the same or different persons, it is only one offence.''   This
instruction was given with the following qualification :
'' The proof must show, before the jury can consider a
transaction to constitute only one offence, that the articles
stolen were in possession of the same party, and taken from
the same place and at the same time, and if any reasonable
space of time elapses between the taking of one and the
taking of the other articles, or they are taken from differ-
ent places, it will be two distinct offences.''   The defend-
ant's counsel excepted to this qualification appended to the
charge asked by the counsel and given by the court.   The
whole subject is thus narrowed down to this point : Was
there error in the qualification made by the judge to the
special charge given at the request of the defendant's coun-
sel?   As we have seen, the court, in its general charge as to
the plea of former conviction, required the jury to find, in
order to support the plea and acquit on this ground, that
the property mentioned in the second indictment was taken
from the possession of the same person, or was that men-
tioned in the the first indictment ; which went beyond what
we deem the law to be.   In order to correct this error,
counsel for the defendant requested the court to give to the
jury a charge evidently intended to correct that particu-
lar error, and embracing the idea that it was not necessary
that the proof must show that the gold watch was taken
from the possession of the same person as the other prop-

erty in order to support the plea, but that " when a variety of articles are stolen at the same time and from the same place, and from the same or different persons, it is only one offence."

The special charge was a part of the law of the case, and enunciated the correct doctrine when considered in the light of the evidence, agreeably to the authorities hereinbefore cited ; and if it had been given as requested, without modification, it would have tended to correct the error in the general charge. But when the qualification given by the judge was added, its effect was to neutralize the effect of the special instruction, and leave the jury still at liberty to find against the plea, unless they believed that the articles mentioned in the two indictments were in the possession of the same party at the time they were stolen. The qualification of the charge asked by the defendant's counsel was error to the prejudice of the defendant, and for this error, it being excepted to at the time, the settled rule of practice in such cases requires a reversal of the judgment. *Bishop* v. *The State*, 43 Texas, 320.

In order to avoid misapprehension, it may be well to say that when various articles are stolen at the same time and place, the transaction is not divisible, but is one transaction, and that a prosecution for the theft of a portion of the articles so taken would bar a prosecution for the theft of another portion of the same articles, whether the property belonged to or was in the possession of the same person or different persons. But we must not be understood as holding that different articles taken from different persons and from different places, as from different rooms of a house occupied by different persons, would necessarily be one transaction ; but, on the contrary, that property thus situated would, on proper averments and proof, support different prosecutions. For example, if a thief should enter the room of one lodger at a hotel, and should there perpetrate a theft, and should then pass to the room of another lodger and

there commit another theft, these would be different thefts, and each might be prosecuted separately, and a conviction or an acquittal for the one would be no bar to the prosecution for the other. So, in case of one horse being taken from the enclosure of A., and another from the enclosure of B., these would be separate offences. What the law prohibits is the cutting up of one transaction into different offences, and holding one accused liable for more than one penalty when there has been but one violation.

For error in the charge of the court, as above indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*