## Cline v. Commonwealth.

(Decided December 18, 1914.)

### Appeal from Pike Circuit Court.

Embezzlement—Instructions—On an indictment for embezzlement where the defendant made defense on the ground that he

had lost the money, an instruction should be given presenting this defense to the jury.

J. F. BUTLER and A. E. AUXIER for appellant.

JAMES GARNETT, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Greeley Cline was a deputy of Hi Pauley, sheriff of Pike county, from January 1, 1912, until January 1, 1914, and, among other things, it was his duty to collect the State and county taxes in his home district. According to the custom between them, he settled every month with the sheriff and paid him then the amount he collected, less his commissions. He made his monthly settlements regularly until October, 1913, but he failed to settle for the month of October or to pay over the money, claiming to have lost it. He afterwards settled for the months of November and December, 1913, and was indicted for embezzlement, on the ground that he had converted to his own use the money referred to, the amount being $249.84. The proof for the Commonwealth on the trial showed, in substance, that Cline claimed to have lost more money than he had; that he made no efficient search to recover the money; that the reason that he gave for his conduct was unsatisfactory; that he claimed to have lost $504.00, when, in fact, he had collected, in October, only $258.91, and said he did not have as much as $75.00 of his own money. The Commonwealth also proved that he had said that he had no money on that day when asked to pay a bill. On the other hand, the defendant testified that he started from his home to Pikeville with the money, but had some papers to serve which required him to cross the river, and that when he got back, it was so late that he thought the bank would be closed at Pikeville and he turned around and went home; that he had $504.00 in his saddle pockets; that when he got home and got off his horse, it came to his mind about the money being in his saddle pockets; he went to the saddle pockets and one of the straps was loose; that he had buckled the straps when he put the money in there; that part of the time the saddle pockets were on the horse and part of the time on his shoulder; that he had no idea who opened the

saddle pockets, but when he opened them then the roll of money was gone. This was the first time he missed it, and he did not know how it was taken or by whom; the defendant introduced several witnesses who testified to his good character; the proof showed that the sheriff had retained his commissions on the subsequent collections, and thus reduced the amount of the default to $249.84. The court gave the jury these instructions:

"1. If the jury believe and find from the evidence beyond a reasonable doubt that the defendant, Greeley Cline, in Pike county, before the finding of the indictment, did unlawfully, fraudulently and feloniously, without the consent of Hi Pauley, then sheriff of Pike county, or the owner thereof, or either, convert to his own use, good and lawful money of the United States, exceeding twenty dollars, the same being the public moneys and taxes collected for said Hi Pauley, sheriff as aforesaid, by said defendant, Greeley Cline, as deputy sheriff for said Hi Pauley, which said money had then and there been intrusted to said Greeley Cline, or to his care, custody and keeping as said deputy sheriff, they will find him guilty as charged in the indictment and say so and no more.

"2. If the jury have a reasonable doubt of the defendant having been proven guilty, they will find him not guilty."

The jury found the defendant guilty, and the court, having entered judgment on the verdict and overruled his motion for a new trial, he appeals.

There was sufficient evidence to take the case to the jury; the appropriation of the money, if true, makes out a case of embezzlement. (Commonwealth v. Fisher, 113 Ky., 491.)

The only error we see in the record is that the court, by its instructions, failed to submit to the jury the defendant's defense. His sole defense was that he lost the money. He admitted having collected it, and having failed to pay it over; but this did not establish his guilt of embezzlement. If he did not use the money, but, in fact, accidentally or negligently lost it, he may be liable civilly for it, if negligent, but for this he is not guilty of embezzlement. It is true that, by the first instruction, the court told the jury that they should find the defendant guilty, if they believed from the evidence beyond a reasonable doubt that he did "unlawfully, fraudulently and feloniously," "without the consent of the

owner, convert to his own use" the money referred to. A lawyer, acquainted with the meaning of the words "fraudulently," "feloniously" and "convert to his own use," would understand that if the defendant lost the money, he did not fraudulently or feloniously convert it to his own use; but a jury composed of men not acquainted with legal terms might reasonably conclude from the evidence that Cline had carelessly lost the money, and not apprehended the distinction between a civil and criminal liability. The instructions do not bring the mind of the jury to the precise question of fact on which the case turns, and an instruction presenting the defendant's side of the case should have been given. The following words should have been added to instruction No. 1: If, however, the defendant in fact lost the money referred to, either accidentally or negligently, or it was in fact stolen from him and he did not in any way use the money, or keep it, the jury should find him not guilty.

Judgment reversed and cause remanded for a new trial.