## Thompson v. Commonwealth.

(Decided May 8, 1925.)

## Appeal from Floyd Circuit Court.

1. Assault and Battery—Instruction as to Defendant's Right to Act in Defense of His Brother Held Erroneous.—Instruction as to defendant's right to act in defense of his brother, which left to jury question whether brother was in danger, held erroneous; controlling question being whether defendant at time in good faith believed, in exercise of reasonable judgment under circumstances, that his brother was in danger.

2. Assault and Battery—Instruction as to Officer's Right to Shoot in Perfecting Arrest Held Unwarranted by Evidence.—Where defendant, charged with malicious shooting, claimed to have acted in defense of brother who was being fired upon by officer, instruction as to officer's right to shoot and kill in perfecting arrest held error; there being no evidence that defendant's brother resisted arrest, but rather that shots were fired while he was attempting to escape after arrest.

3. Criminal Law—Failure of Instruction to Require Jury to Believe Defendant Guilty Beyond Reasonable Doubt Held Cured by Subsequent Instruction.—Failure of instruction to require jury to believe defendant guilty beyond reasonable doubt before they convicted, held cured by subsequent instruction.

B. M. JAMES for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant, under indictment for malicious shooting and wounding Mellon, an officer, was convicted, and his punishment fixed at three years' imprisonment.

Mellon, a deputy sheriff, and Burchett, another officer, went to the home of Wes Thompson, some distance from the county seat, with a capias for him and his son Burrell Thompson. Burrell Thompson was placed under arrest by Mellon shortly after their arrival at the home. Burrell had not eaten his dinner, but was permitted by the officer to do so. The prisoner complained that he had no way to ride, and his brother, the appellant, started off to the barn to get a horse for him to ride, and while he was gone Burrell ran out the door, and attempted to escape. Mellon, the officer, followed him and

shot two or three times with his pistol while in pursuit, but he and the other officer both testified that he did not shoot at or in the direction of the fleeing man, but shot merely to frighten him. Appellant and other members of the Thompson family, however, testified that he fired directly at Burrell.

Appellant, who had gone off towards the barn, hearing the shots, returned to the house, and there being a shot gun there he took the same and followed the officer and his fleeing brother. He shot the officer three times with the shot gun, and claims that he did so in defense of his brother.

Appellant's testimony is in substance that he did not shoot the officer until the latter had fired more than once at his brother, and that the second or third shot so fired by the officer was directed at his brother, and the brother immediately thereafter stumbled or fell forward as if he had been struck, and that he (appellant) then fired in defense of his brother. This evidence of appellant is corroborated to some extent by other members of the Thompson family, while the two officers each testified that no shot was fired directly at Burrell, and that he gave no evidence of having been struck. The fact is that Burrell was not struck by any of the shots.

There are numerous complaints of the instructions given, but we find no reversible error in any of them except the fifth dealing with the question of self-defense.

That instruction gives the defendant the full benefit of self-defense of himself, which was altogether surplusage, because there was no evidence to authorize it. There was nothing to show that appellant himself was in any danger from Mellon at the time he fired, but there was evidence which required the giving of an instruction for defendant authorizing his acquittal if he acted in defense of his brother.

In modifying the self-defense instruction the court said to the jury that if they (the jury) believed from the evidence that Burrell Thompson was in no danger of death or great bodily harm at the hands of Mellon, then the defendant had no right to shoot and wound Mellon, and the jury should not acquit him upon the ground of defense of his brother.

Leaving to the jury to determine whether they believed his brother was in danger at the time was error; the instruction should have embraced the idea that if de-

fendant himself at the time in good faith believed in the exercise of a reasonable judgment, under all the facts and circumstances, that his brother was in danger of death or great bodily harm at the hands of Mellon, defendant had a right to shoot in defense of such brother. Duke v. Commonwealth, 191 Ky. 138.

While the other instructions were free from reversible error, they were in at least two particulars inaccurately drawn. The first instruction said to the jury that if Burrell Thompson refused to be arrested or showed resistance to arrest, the officer had a right to use such means as were necessary or as reasonably appeared to him to be necessary to perfect the arrest, even to the shooting and killing of Burrell Thompson. The giving of this part of the instruction was error, because there is no evidence that, in the first place, Burrell Thompson resisted arrest or showed inclination to fight, but, on the contrary, when the shots were fired by the officer he was already under arrest and was trying to escape. Upon another trial this feature of the first instruction will be eliminated.

Likewise in the second instruction the court failed to require the jury to believe beyond a reasonable doubt from the evidence of the defendant's guilt before they might convict. While this error or oversight was thereafter cured in the sixth instruction, it will be better upon another trial to embrace that clause in the second instruction.

Because, however, of the fatal error in the fifth instruction qualifying the right of self-defense, we see no escape from a reversal.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.