## HIRSHBERGER v. SINNING ET AL.

*Evidence—Language warranted by trial judge in stopping introduction of rejected testimony—Charge to jury—Two issues submitted to jury—General verdict returned—Judgment not reversed for error in special request upon one issue.*

1. Counsel have no right to persist in attempts to offer testimony which has been ruled out by the trial judge, and, if counsel do persist in such course, the trial judge is warranted in using language sufficiently strong and emphatic to stop the wrongful practice.

2. In a case where there are two issues involved, one issue being whether or not a verbal contract for the repurchase of stock has been entered into, and the other whether or not there was a demand for payment or tender back of stock, or excuse therefor, and either issue, if decided by the jury in favor of the defendants, would require a verdict in favor of the defendants, and a general verdict only is returned in favor of the defendants, without special findings, and the record discloses no reversible error as to one issue, the judgment based on such verdict will not be reversed for error in giving a special request which relates exclusively to the other issue.

(Decided October 8, 1925.)

ERROR: Court of Appeals for Sandusky county.

*Mr. John B. Stahl* and *Mr. Frank O'Farrell,* for plaintiff in error.

*Mr. Homer Metzgar, Mr. John J. Lehman* and *Mr. W. J. Mead,* for defendants in error.

WILLIAMS, J. The plaintiff, Rose Hirshberger, brought suit in the court of common pleas against the defendants C. A. Sinning and P. J. Hasselbach

to recover upon an alleged contract to purchase back 30 shares of the preferred stock of the International Note & Mortgage Company for $3,000, which was the same price she paid for it in purchasing it from the R. L. Dollings Company, as plaintiff claims, through the defendants as its agents. There is no question that during the months of December, 1922, and January, 1923, in three different transactions, the plaintiff purchased the stock in question, and there is no dispute that P. J. Hasselbach acted as agent of the Dollings Company in the transaction. It is a disputed question of fact whether the defendant Sinning was acting as agent jointly with the defendant Hasselbach in connection with the sales. The plaintiff claims that at the time she purchased the stock in question the defendants agreed to repurchase it at the price at which it was sold to her at any time that she desired them to do so, and within one week from the time of her request and verbal notice to them of her desire to sell back the stock. The defendants deny that any such contract to buy back the stock was ever entered into. There was another mixed question of law and fact in the case, and that related to the question of notice of plaintiff to the defendants that she desired them to make such repurchase, and whether or not there had been such tender back of the stock as the law required, or, if there was no tender, whether or not the facts were such as not to require a tender.

The case was tried to a jury, and a general verdict was returned in favor of the defendants, and judgment entered thereon. The plaintiff, as plain-

tiff in error, now prosecutes this proceeding in error to secure a reversal of that judgment.

Four principal grounds of error are relied upon by counsel for plaintiff in error, and urged upon this court. They are as follows: First, that the court erred in the admission and rejection of evidence and in making prejudicial statements in ruling thereon; second, that the court erred in giving and refusing to give to the jury certain requests to charge; third, that the court erred in its general charge to the jury; and, fourth, that the verdict of the jury is manifestly against the weight of the evidence. These questions will be discussed in their logical order.

First. Did the court err in the admission and rejection of evidence and by statements made in ruling thereon?

The issues in this case were very simple, and the witnesses few in number, and yet we find presented to this court a bill of exceptions containing 319 pages, exclusive of the exhibits attached thereto. The bill is not entirely taken up with the testimony of witnesses, for the charge of the court fills not less than thirteen pages, and the part ordinarily given wholly to testimony is padded with page after page of dialogue between court and counsel. Thus it is apparent from the bill of exceptions that a case of simple issues, which could have been tried in a short time, has been expanded far beyond its reasonable limits. Perhaps we would not comment upon this phase of the case at all were it not for the fact that counsel urge the manner in which the trial judge conducted the case and his rulings upon the admission and rejection of

evidence as ground for reversal. We are therefore forced, by necessity, to examine the record in the light of such urged grounds of error. It is claimed by counsel for plaintiff in error that the objectionable conduct on the part of the trial judge reached its climax in the following dialogue:

"Q. I will ask if you at any time was the owner of any Dollings Company stocks or subsidiary company stocks?

"Mead and Metzgar: Object.

"Court: The objection is sustained, with this remark, that this line of testimony has been offered with other witnesses, and counsel persists in getting the same class of testimony. The court thinks it is highly improper and unprofessional.

"Stahl: Note an exception to the ruling of the court and the statement of the court. Well, I don't want to aggravate this court.

"Court: You aren't going to aggravate the court. The court wants you to understand, and everyone connected with the case, to understand, that, where a line of testimony is held by the court to be incompetent, and where you will save your exceptions so that a reviewing court can consider it, it is improper to burden the minds of the jury with attempts to introduce the same class of incompetent testimony. No aggravation.

"Stahl: Here is what I am trying to get at: It is true, it appears on the surface here is two men that are asked the same line of testimony. I do not expect, if they were permitted to answer, that their answers would be the same. That is the reason, and I say this in good faith to the court. I know the rule, as the court has suggested.

"Court: I don't think we will discuss it. This jury must try this case on competent evidence under the law as the court, on his solemn oath, believes it to be. And it will not be tried on matters that are not competent.

"Stahl: Note an exception to the ruling and statement of the court."

Had these statements come from the trial judge like a flash of lightning from a clear sky, it might be contended with some show of reason that the remarks of the court were prejudicial. We find, however, that the statements made by the trial judge were not baseless. Time and time again the court had cautioned counsel not to put questions to witnesses for the purpose of adducing evidence of a character which the court had theretofore properly ruled out as incompetent. Yet the record discloses that such questions were put over and over again against the warning and admonition of the trial judge. Apparently what was said was said for the purpose of stopping a practice wholly improper, and one, which if persisted in, must bring more or less discredit on the administration of justice. The practice should stop, for it is the function of counsel to aid, and not hinder, the administration of justice, and, when the trial judge rules out testimony which is incompetent, it is the duty of the attorney who feels aggrieved by the ruling, as an officer of the court, to take an exception and proceed along other lines. If counsel for the plaintiff were embarrassed by what the trial judge said in the presence of the jury, they cannot complain, because they are in the position of a man who feels aggrieved over a hurt which he re-

ceives when he pulls down the house on his own head. The trial judge was wholly in the right in the position he took.

No member of this court questions the honest intention of counsel, but a controversy seems to have arisen over a misconception of the issues involved in the case, and counsel for the plaintiff, jealous beyond doubt of their client's interests, persisted in raising the same question repeatedly, and in the heat of the trial were led to go further than they would had the judgment of more sober moments prevailed.

Nearly all exceptions taken by the defendants below to the admission and rejection of evidence relate to immaterial and irrelevant matters. Rulings in instances of that character gave rise to the controversies involved. There was no prejudicial error either in such rulings or in what the trial judge said. In fact, he might have been more emphatic with credit to the administration of justice.

Second. Did the court err in giving certain requests to charge submitted by the defendants, and in refusing to give plaintiff's request No. 2?

The requests submitted by the respective parties were so comprehensive in their nature that they covered fairly well, most, if not all, of the difficult questions of law arising out of the issues of the case. In fact, referring to the question of demand and tender, or lawful excuse therefor, the court in the charge to the jury calls attention to the fact that he had fully charged them previously as to the law on that subject in the numerous requests previously given the jury. We have examined all

the requests submitted by the defendants, and are of the opinion that in giving them the court committed no prejudicial error, and, as they are so voluminous in extent, we think it would serve no good purpose to quote them at length.

We feel, however, that the giving of the defendant Sinning's special request No. 1 deserves some consideration. That request reads as follows:

"I charge you as a matter of law in this case that, upon the evidence adduced, demand of payment made of the defendant P. J. Hasselbach, and offer to return and transfer the stock to him upon such payment, if you find it was done, does not constitute a demand and offer to return to Sinning, nor does it bind Sinning in any way."

We assume that the court gave this request to the jury upon the theory that there was no evidence adduced in the case tending to show that there was any relation between the two defendants which would make the defendant Hasselbach the authorized agent of the defendant Sinning for the purpose of receiving the demand of payment for the stock and the offer to return and transfer the same. Whether or not there was such evidence we consider as immaterial, for the reason that the rule declared by our Supreme Court in *Ochsner, Adm'r., v. Cincinnati Traction Co.,* 107 Ohio St., 33, 140 N. E., 644, applies to this case. There were two issues involved in the case at bar under each cause of action, and a general verdict was returned for the defendant without special findings. One issue was whether or not a verbal contract for repurchase of the stock had been entered into, and the other was whether or not there was demand

of payment and tender back of stock, or excuse therefor. If either issue was decided by the jury in favor of the defendants, the jury were required to return a verdict in their favor. We find that the record is entirely free from error with reference to the issue upon such verbal contract, and the jury may well have based their finding entirely upon that issue. For the reasons indicated, there is no reversible error in giving the defendant's special request to charge No. 1, as it related entirely to the other issue.

It is complained, further, that the court erred in refusing to give plaintiff's request No. 2. In this connection it need only be said that the same questions were raised by plaintiff's requests Nos. 3 and 4, which were given.

Third. Did the court err in its general charge to the jury?

A careful reading of the charge discloses that it is comprehensive, applicable to the facts, and free from prejudicial error.

Fourth. Is the verdict against the weight of the evidence?

The evidence is squarely conflicting upon the question whether or not the verbal contract upon which the action was brought was entered into between the parties. The contention of the defendants is aided by a writing signed by the plaintiff and attached to the bill of exceptions in which she applies to the R. L. Dollings Company to resell for her the stock in question upon commission, and by a letter from her attorneys to the defendants, which was written a month and one day later, and which stated that about one month previously she

had instructed the defendant Hasselbach to take
back the stock in question and refund her money.
The inference naturally arises that if she was
applying to that company to resell her stock, she
could hardly have intended at that time to tender
it back to the defendants and demand that they
repay to her the purchase price, and that if her
attorney was asking for refund of her money it
was for money arising through such a resale. We
cannot say with certainty that the .evidence pre-
ponderates in favor of the plaintiff on that essential
issue, and are unwilling to hold that the verdict is
manifestly against the weight of the evidence.

Finding no reversible error in the record, the
judgment is affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur.