## Asher v. Commonwealth.

(Decided October 28, 1927.)

### Appeal from Fayette Circuit Court.

1. Robbery.—In prosecution for robbery, evidence of identification by prosecuting witness that he was "positive almost" that defendant was person committing robbery was sufficient to make case for

jury, who could place such weight as they thought proper on identification.

2. Robbery.—In prosecution for robbery, evidence as to defendant's activities near scene of robbery before and after robbery, together with identification by prosecuting witness, made case for jury and was sufficient to support conviction.

3. Robbery.—In prosecution for robbery involving issue of identity of accused, instruction that jury must believe to exclusion of reasonable doubt that defendant committed act charged was sufficient on question of identity.

4. Criminal Law.—In prosecution for robbery, instruction, if failing to require jury to believe beyond reasonable doubt some elements necessary to constitute various offenses of robbery, grand and petit larceny, was cured by subsequent instruction that, unless every fact necessary to constitute guilt had been proved beyond reasonable doubt, defendant was entitled to acquittal.

A. B. THOMASON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Late in the afternoon of Friday, May 15, 1926, Ed. T. Graves, who was in one of the rooms of the Paramount Hotel, in Lexington, was robbed at the point of a pistol. At the time of the robbery, he was alone in the room. The robber secured between $420 and $460. Later the appellant was arrested in Detroit, Mich., charged with this robbery. On his trial he was convicted and given a sentence of 2 years in the penitentiary. He has appealed.

As grounds for reversal, appellant insists that he was entitled to a peremptory instruction, and that the court erred in the instructions it did give.

So far as the peremptory instruction is concerned, appellant contends that the evidence fails to establish that he was the one who committed this robbery. The prosecuting witness, Ed. Graves, testified that he could recognize the man who robbed him, and when asked if he identified the appellant as such man, he answered in the affirmative. Later in his examination, he stated that he thought the appellant was the man; that he was "positive almost" that such was the case. He further stated that appellant had been in his place the day before. On

cross-examination he was asked if, in his best judgment, appellant was the man who robbed him, and he answered, "Absolutely." On this testimony, the commonwealth was undoubtedly entitled to have this case submitted to the jury. It was for the jury to place such weight as it thought proper on this identification, and if it chose to accept it, it could do so. In 16 C. J. 774, we find:

"And a conviction may be sustained, although a witness declines to swear positively and testifies merely that he believes the accused is the person whom he saw commit the crime."

The evidence of Graves is stronger than the requirement of the rule as set out in the above quotation. Further, the commonwealth established that on the afternoon of the robbery, appellant rode about town in a taxicab, rather aimlessly, although a part of the time he was with a friend; that he left the taxi near the scene of the robbery, and shortly before it took place, with instructions to the driver to wait for him; that he returned running in about 20 minutes, jumped into the taxi, and was driven home. Another witness identified appellant as having been in the room where the robbery took place earlier in the day. That night, appellant left Lexington, came to Louisville, and then went to Michigan. Appellant's version of the taxi ride is not borne out by either the taxi driver or his friend. His explanation of why he went to Michigan is plausible, but it was for the jury to say whether they believed it. This case was clearly one for the jury, and their verdict is not flagrantly against the evidence. Cf. Barry v. Commonwealth, 212 Ky. 778, 280 S. W. 118.

Appellant next insists that he was entitled to an instruction on the question of identity as this was the sole issue in this case. Under instruction No. 1, which was given, the jury was told that it must believe to the exclusion of a reasonable doubt that the appellant did the act for which he was being tried. This it could not do unless it believed the evidence of the commonwealth on the question of his identification. The instruction amply took care of appellant's rights in this matter. In the case of Wallace v. Commonwealth, 187 Ky. 775, 220 S. W. 1051, the accused insisted that he was entitled to have an

instruction touching a claimed alibi on his part. We said:

> "The contention that the court refused to properly instruct the jury, is based, upon the fact, that in addition to denial of participation in the crime, the appellant testified and, also, produced other testimony to the effect, that the night, upon which the crime was committed, he spent at the dwelling of his brother in the state of Missouri, and hence could not have been at Bardwell at that time, and it is now insisted for him, that the court should have instructed the jury, touching this claim of an alibi on the part of appellant. This evidence offered by appellant, as to his being elsewhere, when the crime was committed, was competent upon the issue as to his guilt, and the instructions of the court that before finding him to be guilty, the jury must believe beyond a reasonable doubt, that he broke and entered the store with the intent to steal, and to find him not guilty, if entertaining a reasonable doubt as to his guilt, were all the instructions necessary to protect his right upon the issue as to his guilt. The only issue in the case was whether the appellant participated in the commission of the crime."

See, also, Edmonds v. Commonwealth, 204 Ky. 495, 264 S. W. 1100. The reasoning of these cases is conclusive of appellant's contention in this regard.

Lastly, he urges that the instructions given by the court were erroneous. If instruction No. 1 is subject to the criticism that it failed to require the jury to believe beyond a reasonable doubt some of the elements necessary to constitute the various offenses of robbery, grand larceny, and petit larceny described in that instruction, instruction No. 2 cured any such defect, for it told the jury that, unless every fact necessary to constitute guilt had been proved beyond a reasonable doubt, the appellant was entitled to an acquittal. This was expressly so held in the case of Thompson v. Commonwealth, 208 Ky. 775, 271 S. W. 1084, where this same question was presented.

No error appearing prejudicial to the substantial rights of the appellant, the judgment is affirmed.