## REID v. STATE.

### Crim. 4038.

Opinion delivered June 28, 1937.

*H. U. Williamson* and *Fred M. Pickens*, for appellant.

*Jack Holt*, Attorney General, and *John P. Streepey*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Jackson county under § 2832 of Crawford & Moses' Digest for failure to pay over $22,682.02 of public funds, belonging to said county which he collected in his official capacity of collector of taxes during the year 1936 for taxes of 1935 which became due and payable during the year 1936. As a punishment for the crime he was adjudged to serve a term of five years in the state penitentiary, from which judgment of conviction he has duly prosecuted an appeal to this court.

His first assignment of error is that the indictment does not sufficiently charge the crime of receiving and failing to pay over public funds in his capacity of collector of taxes of said county under § 2832 of Crawford & Moses' Digest.

The indictment is couched in the exact language of the indictment returned against Gurley in the case of *Gurley* v. *State*, 164 Ark. 397, 262 S. W. 636. This court ruled in the Gurley case that the indictment was sufficient to charge the crime and was impervious to attack on demurrer.

Appellant, also, assigns as reversible error the insufficiency of the evidence to sustain the allegations of the indictment. The accounts and books of the collector were audited by two accountants from the state auditorial department of the state of Arkansas. In auditing his accounts he was charged with all the taxes he collected for the county amounting to $134,348.91 and credited with $111,666.89, the total amount paid over by him to the county treasurer and his successor in office, leaving a balance due the county of $22,682.02. When shown the audit he admitted that the auditors had made a fair audit and told them he knew he was about $30,000 short, but while he had not paid the county he had the money with which to pay the amount of the shortage shown by the audit. When he was checked out of office he lacked $22,-682.02 of having enough with which to pay the county. The auditors testified that the audit was correct and it was introduced in evidence as a part of this record. Then, according to the undisputed evidence, he collected $22,-682.02 more than he paid over. The record is silent as to what became of the money. The only reasonable inference is that in omitting or failing to pay it over to the county and in not having it when checked out, he had converted it to his own use. The audit reflected that in one instance he checked out of his collector's account on a counter check cash in the sum of $1,500. There can be no question that he got this amount for his own use out of taxes he had collected for the county. There is ample evidence in the record to sustain the charge in the indictment.

The judgment of conviction is affirmed.