STATE, RESPONDENT, v. McGUIRE, APPELLANT.

(No. 7,831.)

(Submitted November 12, 1938. Decided December 7, 1938.)

[88 Pac. (2d) 35.]

*Mr. Jess L. Angstman, Mr. D. L. Blackstone* and *Mr. George E. Hurd,* for Appellant, submitted a brief; *Mr. Angstman* argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, and *Mr. Mark H. Derr,* Assistant Attorney General, for the State, submitted a brief; *Mr. Derr* argued the cause orally.

MR. CHIEF JUSTICE GODDARD delivered the opinion of the court.

Under the information the defendant was charged with grand larceny as defined in section 11368, Revised Codes. The information charges him with having money belonging to the state in his possession and custody and unlawfully appropriating the same to his own use, with the intent to deprive the state of its property. The record is barren of any testimony that the defendant appropriated the money in question to his own use with the intent to deprive the state of its property.

If we assume that the state made a prima facie case by showing the shortage, the verdict cannot stand because the shortage was explained by defendant consistent with his innocence of the crime of embezzlement. The general rule is set out in this regard in the case of *Koppe* v. *State*, 21 Ohio App. 23, 153 N. E. 109. It is there said: "It has been decided a great many times that the mere retention of moneys not belong-

346

‑ing to him by a private or public officer does not constitute embezzlement, and that some further fact must be shown before the complete crime is proved. Sometimes the actual commission is shown by the application of the funds to the agent's own particular use, as it was in the case of *State* v. *Baxter*, 89 Ohio St. 269, 104 N. E. 331, Ann. Cas. 1916C, 60, 52 L. R. A. (n. s.) 1019. Sometimes it may be shown by the agent's failure to respond to a timely demand made upon him by his principal, or some other person authorized to make the demand.''

In the *Koppe Case*, supra, the defendant received the receipts of a fine and then subsequently denied such receipt. The court held that this fact of denial was sufficient evidence of appropriation to satisfy the rule set out above, and that the state had a sufficient case to go to the jury. (See, also, *Cline* v. *Commonwealth*, 161 Ky. 678, 171 S. W. 412; *Reid* v. *State*, 194 Ark. 422, 108 S. W. (2d) 464; Rapalje on Larceny and Kindred Offenses, p. 526.)

In the present case the defendant admitted having received ▉▉▉▉▉ the money. He testified in detail how two men held him up at the point of a gun and robbed him of the money here in question. The defendant's story of the robbery stands uncontradicted by the state and partially corroborated by the defendant's and the state's witnesses.

The jury, by finding the defendant guilty, evidently entirely disbelieved the defendant's story of the robbery and found the elements of the crime from the suspicious circumstances. The defendant, however, has satisfactorily explained the suspicious circumstances which otherwise might have supported a conviction under the general rule, and the defendant's evidence on these points is even corroborated by the state's witnesses. The conviction then stands on the facts that the defendant had custody of the money and was found short in his accounts. The conviction on these facts might stand if the defendant were charged under section 11319, Revised Codes, under which appropriation to his own use with the intent to deprive the state of its property need not be shown, but the defendant is charged under section 11368, which makes the appropriation and intent

the necessary elements. These facts the state must prove. "In the absence of a statute making the mere failure or refusal of a public officer to turn over funds in his hands sufficient evidence of appropriation, the general rule is that a guilty intent must be shown." (9 R. C. L. 1286; *State* v. *Leonard*, 56 Wash. 83, 105 Pac. 163, 21 Ann. Cas. 69.) 9 R. C. L. 1276: "The mere neglect to pay over money is not sufficient proof of a fraudulent conversion to one's own use, for there may be losses and failures to pay or even to account where the failure is due to misfortune or other cause not criminal." (*People* v. *Bringard*, 39 Mich. 22, 33 Am. Rep. 344.)

As before stated, the defendant's story as to how he was robbed is uncontradicted. There is nothing inherently incredible concerning this story. Corroborating circumstances abound in the testimony. Witnesses testified that his reputation for truth, honesty and integrity was good and this, too, stands uncontradicted.

We have frequently held that uncontradicted, credible evidence cannot be disregarded by court or jury. (*Ross* v. *Industrial Accident Board*, 106 Mont. 486, 80 Pac. (2d) 362, and cases therein cited.) True, defendant did not produce the robbers to corroborate his testimony, but this was because they made their escape.

This case is similar to that of *Cline* v. *Commonwealth*, supra. In that case Cline was accused of embezzling money. His defense was that he had lost it. The court said: "He admitted having collected it, and having failed to pay it over; but this did not establish his guilt of embezzlement. If he did not use the money, but in fact accidentally or negligently lost it, he may be liable civilly for it, if negligent, but for this he is not guilty of embezzlement."

The evidence was insufficient to support the verdict and judgment, and the judgment is accordingly reversed.

Associate Justices Anderson and Angstman concur.

Associate Justices Stewart and Morris dissenting.