## VINSON v. COMMONWEALTH.

Court of Appeals of Kentucky.

April 25, 1952.

C. F. See, Jr., Edwin D. Rice, Louisa, for appellant.

J. D. Buckman, Jr., Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

This appeal is from a judgment sentencing appellant, Charles B. Vinson, to prison for a term of one year for the offense of unlawfully converting to his own use property of another as denounced by KRS 434.040.

The property alleged to have been converted by appellant was parts of a truck, specifically being, three wheels, three tires, and a battery, belonging to L. H. York. The conversion is averred to have occurred in Lawrence County.

The events leading to his conviction began on March 21, 1950, when York leased to appellant a 1948 G.M.C. truck for a period of six months. Soon thereafter the truck was wrecked while being driven by one of appellant's employees in west Virginia. Appellant testified that he hauled the wrecked truck to Justice's garage, near Delbarton, West Virginia, leaving it there so that an estimate of the repair bill could be made. He stated that a few days later, York asked him for a monthly payment on the lease; that he informed York the truck was out of use, and that they entered into a verbal agreement whereby he paid York $20 which released him concerning the truck.

James Ernest Porter testified that he was employed as a mechanic at the Justice garage when appellant brought a wrecked truck there for repair. He said that appellant stated it belonged to someone in Kentucky, which he has since learned was Yorks; that appellant talked about the cost of its repair with Justice and when given permission to leave the truck parked there, appellant asked if they had a battery and

upon being informed that they did not, said: "I am going to take the battery out of the truck, the one that is in my truck isn't much good, and two tires off; that he needed them on his truck." Porter further said that he saw appellant and another boy who was with him, take the battery, a tire and wheel off the left and right rear sides of the truck.

R. S. Miller testified that while he was operating a filling station in Louisa, Kentucky, York left a wheel there belonging to a G.M.C. truck; that he knew York's truck and while appellant was using it, one of appellant's truck drivers came to his filling station driving York's truck and that he and the driver loaded the wheel on this truck. Appellant denied that he sent after the wheel, or authorized anyone to get it, or that he converted any of York's property to his own use.

Mrs. York testified that after appellant's lease had been terminated, she and her husband procured the release of the truck from the Justice garage by paying the repair bill. She said it was then discovered that three wheels and two tires were missing from it; that she went to see appellant several times about returning the property and on one of these occasions he told her that one of the tires was in the front yard at his mother's home. Mrs. York further said that she later saw another truck that appellant was using at Moore's garage, near Louisa, Kentucky, and when she checked the numbers stamped upon the wheels of this truck against the factory invoice that came with the truck that they had leased to appellant, the numbers corresponded. Appellant denied this testimony, except as he stated upon cross-examination, as follows:

"Q. 48. Did you have any of these tires in the front yard at your mother's? A. I had wheels in the front yard at my mother's.

"Q. 49. Didn't you tell Mrs. York that one tire was down there in the front yard at your mother's, and the other was up at Williamson? A. I believe I did.

"Q. 52. And what became of them? A. I don't know. You are a better detective than I am. I don't know who took the wheels that were on the truck, but I do know that Don Wellman put the tires in my front yard. He thought they belonged to me, one of them, and it was left in the front yard there and it was stolen. I told L. H. York, when he was going to Detroit, that I would make every effort to get the tires and wheels back for him."

The affidavits of Dinnie Swisher, Don Wellman, and Mrs. Don Wellman were read to the jury by appellant's counsel which were to the effect that appellant did not remove the wheels, tires, and battery from the York truck nor did he authorize anyone to do so.

The grounds relied on by appellant for reversal of the conviction, are: (1) Error in failing to sustain demurrer to the indictment; (2) error in overruling motion for continuance; (3) failure of arraignment of appellant; (4) error in admitting incompetent and irrelevant evidence; and, (5) error in instructing the jury.

■ Considering these grounds in the order set out, we find that the contention of appellant that the indictment was defective in not charging any confidential relationship between appellant and York, as declared necessary in Commonwealth v. Barney, 115 Ky. 475, 74 S.W. 181, is not well taken. The indictment alleges that the property converted by appellant came into his possession under a written lease from York which sufficiently shows the trust relation that the court has held essential. The indictment states the charge with sufficient clearness and certainty to inform appellant of the crime with which he was charged and to enable the court to pronounce judgment on conviction according to the right of the case. Traughber v. Commonwealth, 198 Ky. 596, 249 S.W. 770. The demurrer to the indictment was properly overruled.

■ Appellant concedes that under the provisions of Section 189, Criminal Code of Practice, the granting, or refusal to grant a continuance, is a matter that addresses itself to the sound discretion of the court. We find that no error was committed in disallowing the motion, as no

abuse of discretion is shown. Toler v. Commonwealth, 295 Ky. 105, 173 S.W.2d 822.

■ Appellant next claims that his arraignment was not waived. The record reflects that after the jury was accepted the court asked appellant if he waived formal arraignment and his counsel answered, "under pressure." Before any evidence was introduced, appellant's counsel informed the court that formal arraignment had not been waived. The court then arraigned appellant. We fail to see how this procedure constituted error.

■ In considering point four we find that some of the evidence introduced was hearsay but was not of such character as to mislead the jury. Eliminating this evidence, there remains sufficient competent evidence from which the jury could determine that appellant took possession of York's property and feloniously failed to return it. It could also find that the crime was complete in Lawrence County if it believed that appellant formed the intention to and did retain and convert the property there. A person's intention is a difficult matter to prove, and bare intentions do not constitute a crime, but an intention, when feloniously carried into effect does constitute an offense. Commonwealth v. Duvall, 220 Ky. 771, 295 S.W. 1047. Intent may be made to appear from circumstantial evidence as well as from direct evidence. 9 RCL p. 1279. We have held that slight evidence will be sufficient to sustain the venue, and slight circumstances from which the jury might infer the place where the crime was committed, is sufficient. Alder v. Commonwealth, 215 Ky. 613, 286 S.W. 696. In cases like this a wide range must necessarily be allowed in the examination of witnesses. The testimony relating to appellant's conduct and actions in West Virginia, as well as in Lawrence County, Kentucky, was competent. The evidence was sufficient for submission of the case to the jury.

■ Appellant's final contention is that the instructions are prejudicially erroneous. The first critcism levelled at instruction number one is the omission of language showing the trust or confidential relationship of York and appellant. Technically speaking, such omission is error. However, there was no issue made about it for the jury to determine as appellant admitted he obtained possession of the truck from York under a lease, so under such circumstances the error was harmless as it did not prejudice his substantial rights within the meaning of Sections 340 and 353 of the Criminal Code of Practice. Stanley's Instructions to Juries, Section 762, page 1030.

■ Appellant next insists that the instructions given did not cover the whole law of the case. He contends that he was entitled to have his defense submitted to the jury under an affirmative instruction and relies on the case of Cline v. Commonwealth, 161 Ky. 678, 171 S.W. 412, which supports his contention. However, the case of Joy v. Commonwealth, 203 Ky. 426, 262 S.W. 585, holds to the contrary. Just when an affirmative instruction presenting the accused's theory of the case must be given is not always easy of a solution. It has been held that, if his defense be an alibi, such theory need not be presented by an affirmative instruction. Edmonds v. Commonwealth, 204 Ky. 495, 264 S.W. 1100; Wallace v. Commonwealth, 187 Ky. 775, 220 S.W. 1051. The same has been held in the question of identity. Asher v. Commonwealth, 221 Ky. 599, 299 S.W. 203. In rape cases it has been held that the question of consent need not be affirmatively submitted. Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196; Webb v. Commonwealth, 223 Ky. 424, 3 S.W.2d 1080. On the other hand, we have held that self-defense, insanity, and accidental killing must be affirmatively submitted. It may be said that when the defendant proves facts or circumstances to excuse his acts which otherwise would be a crime, or when the specific issue is one of criminal intent, ordinarily an affirmative instruction should be given. Luttrell v. Commonwealth, 250 Ky. 334, 63 S.W.2d 292; Morgan v. Commonwealth, 242 Ky. 116, 45 S.W.2d 850; Gibson v. Commonwealth, 204 Ky. 748, 265 S.W. 339. Under the facts and circumstances appearing in

this case, we are of the opinion that appellant was entitled to an affirmative defense instruction for the cogent reasons set forth in Cline v. Commonwealth, 161 Ky. 678, 171 S.W. 412. Upon another trial of the case, in the event the evidence is substantially the same, the following words should be added to instruction number one: "If, however, you believe from the evidence that the defendant, Charles B. Vinson, lost the property referred to, either accidentally or negligently, or that it was in fact stolen from him, the jury should find him not guilty."

Judgment reversed and cause remanded for a new trial.