## Duvall v. Commonwealth.

(Decided October 19, 1928.)

Appeal from Carter Circuit Court.

1. Criminal Law.—While testimony relating to other offenses is generally inadmissible, such testimony may be introduced where it is necessary to establish identity, or guilty knowledge, or intent or motive for the commission of the crime, or where offenses are interwoven, and cannot well be separated in the introduction of relevant and competent testimony.

2. Embezzlement.—In prosecution of collector for embezzlement of money collected, for which he failed to account, evidence of other collections made for his principal, for which defendant failed to make accounting, held admissible to show defendant's motive and intent, where defense was that he had lost the money.

3. Criminal Law.—Instruction in prosecution for embezzlement, permitting conviction, if jury believed defendant embezzled sum of money, held not erroneous, as permitting conviction for other offenses than that charged, where evidence of previous defalcations was expressly limited for purpose of showing intent, both by court's admonition on admitting the evidence and by instruction.

4. Criminal Law.—If instruction submitting commonwealth's theory of the case is couched in language readily understood by jury, and its negative completely covers the defense, it is unnecessary to give an affirmative instruction on defendant's theory.

5. Embezzlement.—Where court in prosecution for embezzlement charged jury that they must believe beyond reasonable doubt that defendant, as collector, had feloniously appropriated and converted principal's property to his own use with intent to deprive principal thereof, and that he had collected the money as agent, it was unnecessary to give affirmative instruction submitting defendant's theory that the money had been lost.

J. M. THEOBALD for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was convicted of the offense of embezzlement, and sentenced to serve two years in the penitentiary. From that judgment he appeals.

Prior to being indicted, the appellant had been employed as a traveling salesman and collector by the McDavid-Prichard Company, a corporation engaged in the wholesale grocery business at Hitchins, in Carter county, Ky. The indictment under which he was convicted in

this case is one of a series of indictments returned against him for the alleged embezzlement of a number of collections he made for his principal.   He was tried on another of these indictments and acquitted under a peremptory instruction.   On an appeal to this court by the commonwealth for the purpose of having the law certified, pursuant to the provisions of Criminal Code of Practice, sec. 337, we held that the lower court erred in giving the peremptory instruction, and that the case was one for the jury.   Commonwealth v. Duvall, 220 Ky. 771, 295 S. W. 1047.   In that case may be found a detailed statement of the way Duvall was required to make reports and to settle for his collections.   The case at hand involved the claimed embezzlement of a collection of $19 from D. M. Evans, of Bruin, Elliott county.   The appellant did not deny making this collection, nor did he contend that he ever settled with his principal for it.   His defense in this case was that he lost the money thus collected.   The jury rejected his defense, and found him guilty as stated.

Appellant relies on two grounds for a reversal of the judgment.   The first of these grounds is that the court erred in permitting the commonwealth to introduce evidence concerning other collections made by him for his principal, which ran over a period of about six months, during which time this Evans collection was made, and for which he had failed to account.   He contends that this evidence falls within the rule forbidding evidence of other offenses to be introduced against one on trial for a specific offense.   He insists that in the former Duvall Case, which reached this court, this question was determined in his favor by the following language found in that opinion:

"When the commonwealth proved that Duvall had received this money and had thereafter reported and failed to include and account for it in that report, the proof of the crime was complete, even though he intended thereafter to account for it."

While, of course, the general rule concerning the introduction of testimony relating to other offenses is as stated by the appellant, yet there is also an exception to that rule to the effect that testimony about other offenses may be introduced, where it is necessary "to establish identity, or guilty knowledge, or intent, or motive for the

commission of the crime under trial, or when other offenses are so interwoven with the one being tried that they cannot well be separated from it in the introduction of relevant and competent testimony, or when the independent offense was perpetrated to conceal the crime for which the accused is on trial.'' Romes v. Commonwealth, 164 Ky. 334, 175 S. W. 669; Medlock v. Commonwealth, 216 Ky. 718, 288 S. W. 670. In Kirby v. Commonwealth, 206 Ky. 535, 267 S. W. 1094, we said that criminal intent and guilty knowledge, when necessary, may likewise be established by showing the crime charged to be but one of a criminal plan or system.

The evidence offered in the instant case, under the circumstances of this case, clearly falls within the exception to the general rule. Appellant admitted collecting the money in question, and admitted failing to pay it over to his principal. His defense was that he lost it. The evidence of these other offenses tended to prove a criminal intent upon his part in failing to account for these collections, and that such failure was not due to an absence of such intent as he claimed under his defense of the loss of the money. The language used by us in the former Duvall Case, and relied upon by appellant, was only meant as stating what the commonwealth had to prove as a minimum, in order to be entitled to have its case submitted to the jury. It was not meant to preclude any other relevant and competent testimony that the commonwealth might also wish to introduce in evidence. We find no merit in the first contention of the appellant.

His second ground for reversal is directed to the instructions, and his complaint as to them falls under two heads. He first insists that instruction No. 1, is erroneous, because it authorized the jury to find him guilty if it believed he embezzled the sum ''of $19, or any other sum of value.'' Appellant argues that he was being tried for the specific offense of having collected $19 in the month of May, 1925, from Evans, and having embezzled the same; that, under the range which the testimony was permitted to take, there was evidence introduced tending to establish other collections and embezzlements by him, and one shortage in particular of $16.07, arising out of a collection of $66.07 from Evans in August, 1925; that under the instruction, as given by the court, the jury might have convicted him for this alleged August embezzlement, although believing him innocent of the charge

of the May embezzlement. We find, however, that the court, in every instance where evidence of offenses other than the alleged embezzlement of May was introduced, admonished the jury thus:

"The evidence of this witness as to any other transaction, except the $19 of D. M. Evans, is permitted to go to you in evidence for the purpose of showing intention or purpose of the defendant, Eugene Duvall, and for no other purpose."

In instruction No. 4, the court specifically told the jury that it could consider the evidence "as to the other moneys collected by defendant, other than the $19 collected from the witness D. M. Evans, mentioned in instruction No. 1," only for the purpose of showing intent or purpose on the part of Duvall, if it did so, and that it should "not consider such testimony for any other purpose." In this state of the record, it is so manifest that the jury was confined to the alleged May embezzlement for a conviction that we can find no merit in the complaint made by appellant as to instruction No. 1.

He next insists that he was entitled to an affirmative instruction telling the jury in substance that, if he lost this money, it should find him not guilty. He relies on the case of Cline v. Commonwealth, 161 Ky. 678, 171 S. W. 412, which supports his contention. However, the case of Joy v. Commonwealth, 203 Ky. 426, 262 S. W. 585, equally as applicable as the Cline case is against his contention. The Cline and the Joy cases cannot be reconciled. We are therefore compelled to determine which of the two expresses the correct principle governing this question. Just when an affirmative instruction presenting the accused's theory of the case must be given is not always easy of solution. It has been held that, if his defense be an alibi, such theory need not be presented by an affirmative instruction. Wallace v. Commonwealth, 187 Ky. 775, 220 S. W. 1051; Edmonds v. Commonwealth, 204 Ky. 495, 264 S. W. 1100. This same has been held in the question of identity. Asher v. Commonwealth, 221 Ky. 599, 299 S. W. 203. In rape cases, it has been held that the question of consent need not be affirmatively submitted.

Webb v. Commonwealth, 223 Ky. 424, 3 S. W. (2d) 1080. On the other hand, it is a matter of common knowledge that self-defense, insanity, and accidental killing must be affirmatively submitted. A consideration of

these cases leads to the conclusion that, if the instruction which submits the commonwealth's theory of the case is couched in such language as the ordinary layman, who sits upon the jury, can easily and readily understand and comprehend, and its negative completely and adequately covers the defense of the accused, it is unnecessary to give an affirmative instruction on the theory of the defendant.

Applying this principle to the case at hand, we find that in instruction No. 1, given to the jury, the court, among other things, told them that before they could convict the appellant of the crime charged they must believe beyond a reasonable doubt that he had unlawfully, willfully, and feloniously appropriated or converted to his own use $19, which was the property of the McDavid-Prichard Company, with intent to deprive the McDavid-Prichard Company thereof, and to convert the same to his own use and benefit, and that he had collected this money as the agent of the McDavid-Prichard Company. The usual reasonable doubt instruction was also given. The language used in this instruction No. 1 was such that an ordinary layman could readily, adequately, and accurately understand and comprehend it. The elements of the crime of which the appellant was charged, and which were necessary to be established before he could be convicted, were expressed in such simple fashion as that the jury could without difficulty take the yardstick as thus given them and measure the appellant's defense by it. They had to find that the appellant had appropriated this money to his own use with the intent to deprive his principal of its use and benefit. This being true, the jury must have known that, if the appellant had lost the money which he had collected, he had not appropriated the money to his own use with any intent to deprive his principal of its use. The negative of instruction No. 1, therefore, completely and adequately covered the defense of the appellant. The negative was properly raised by the reasonable doubt instruction. It was, therefore, unnecessary to give the affirmative instruction which appellant says should have been given, and the Joy case, rather than the Cline case, is controlling.

There being no error prejudicial to appellant's substantial rights found, the judgment of the lower court is affirmed.

Whole court sitting.