## Jones v. Commonwealth.

(Decided May 15, 1931.)

R. C. LITTLETON for appellant.

J. W. CAMMACK, Attorney General, and A. M. SAMUELS for appellee.

Opinion of the Court by Judge Dietzman—Reversing.

Appellant was convicted of the crime of arson, as defined by section 1167 of the Kentucky Statutes, and sentenced to serve two years in the penitentiary. He appeals.

The indictment charges him with the offense of arson committed by the burning by him of "the dwelling house of Iona Jones Watkins, which dwelling house was unoccupied at the time as a residence."

The facts are these: Mrs. Watkins has for a number of years been the owner of a farm upon which there was and is a dwelling surrounded by the usual outbuildings of a farm. For the sake of clearness, we shall call this dwelling the mansion house. From 250 to 300 yards away from the mansion house, there was located another building. When first erected, this building too was a dwelling and was used as a tenant house, but it fell into disuse and decay. For at least the past three or four years, this house has not been occupied as a dwelling. Its doors had been removed, the windows and window sash taken away, the floor torn out, and the roof was in a nondescript condition. The witnesses refer to the building as a "log pen." It has been used during the last couple of years as a place for the storage of fodder. Appellant admits that he burned this building, but claims that he did it accidentally. The proof of the commonwealth tended to show a case of willful and malicious burning.

Appellant insists that he was entitled to a peremptory instruction because the proof showed without dis-

pute that the building burned was not a dwelling, and, though a quasi barn or an outhouse, it was not "parcel" of the mansion house, which, being true, he was not guilty of the crime of arson with which he was charged.

Sections 1167 and 1168 of the Statutes read:

"1167. Any person who wilfully and maliciously sets fire to or burns or caused to be burned or who aids, counsels or procures the burning of any dwelling house, or any kitchen, shop, barn, stable or other out-house that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years.

"1168. Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any barn, stable, garage, or other building, whether the property of himself or of another, not a parcel of a dwelling house; or any shop, storehouse, warehouse, factory, mill or other building, whether the property of himself or of another; or any church, meeting house, court house, work house, school, jail or other public building or any public bridge, shall, upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years."

It will be noted that the crime of arson, as defined by section 1167, is practically, if not identically, the same crime as defined by the common law. It will further be noted that section 1168, among other things, makes the burning of any barn, stable, garage, or other building not a parcel of the dwelling house an offense with a punishment therefor less than that prescribed by section 1167 for the burning of those buildings when they are "parcel" of the dwelling house.

Section 263, subsection 4, of the Criminal Code of Practice reads:

"The offenses named in each of the subdivisions of this section shall be deemed degrees of the same offense, in the meaning of the last section: . . .

"(4) Arson and house burning."

It therefore follows that the offense of burning a barn, stable, garage, or other building not a parcel of

the dwelling house denounced by section 1168 of the Statutes is a degree of the offense of burning such buildings, "parcel of the dwelling house" denounced by section 1167 of the Statutes.

We are clearly of the opinion that the building burned by appellant was neither a dwelling, nor was it a parcel of the mansion house. In 5 C. J. 546, it is written:

"A dwelling house loses its character as such when it ceases to be dwelt in or is closed up as an empty house or where it is converted into a place for other purposes than human occupancy."

The building in question, although originally built as a dwelling, had long ceased to be habitable. It was, as the witnesses described it, little more than a log pen. It had for a number of years not been used as a dwelling, and indeed had been converted into a crib for fodder. At the best, is was only a farm outbuilding. Nor was it "parcel" of the dwelling house. This expression "parcel of" is, as the authorities hold, of the same meaning as that of "the curtilage." Thus, in 5 C. J. 549, we find:

"At common law a dwelling house includes not only the dwelling but also all outhouses which are parcel thereof, that is to say, used in connection therewith and situated within the curtilage."

It is not always easy to say just what the curtilage comprises. In 5 C. J. 547, the author says:

"The curtilage is a court yard or the space of ground adjoining the dwelling house necessary and convenient and habitually used for family purposes and the carrying on of domestic employments."

In Commonwealth v. Elliston, 20 S. W. 214, 215, 14 Ky. Law Rep. 216, the question before us was as to the sufficiency of an indictment for arson. We said:

"By the common law an indictment for arson did not have to aver that the house burned was a dwelling but only that a house had been burned. The term 'house' imported a dwelling house, and the offense was committed if either the dwelling, or an out-building within the curtilage and so near the dwelling as to endanger it, were burned. The offense is one against the security of the habitation, rather than the property." To the same effect is Rober-

son's New Kentucky Criminal Law and Procedure (Second Edition) p. 904.

It will be noted from this excerpt from the Elliston case that it was unnecessary to aver in the indictment for arson at common law that the house burned was a dwelling, the word "house" importing a dwelling, and that the offense was established by proving either that the dwelling, or one of the outbuildings within the curtilage, was burned. As the offense was one against the security of the habitation rather than the property, the curtilage was deemed to be that space surrounding the dwelling within which the burning of a building might endanger the dwelling. So in People v. Taylor, 2 Mich. 250, the court says:

> "It is quite manifest from the statute that it was the intention of the Legislature to protect dwelling-houses from the hazards of fire which might be set to a barn, office, stable or shop, standing near to the house, as well as to protect these other buildings."

In the instant case, the building burned was at first a dwelling house itself with its own curtilage. With the passage of time, it had been converted into a crib for fodder, but its location of some 250 to 300 yards from the mansion house clearly put it without the curtilage of that dwelling. Under ordinary and usual circumstances, its burning would not endanger the security of the dwelling house, as its location was too far away for the fire under such circumstances to be communicated to the mansion house. It was not within the inclosure of the mansion house and was a detached building originally not intended as part or parcel of the curtilage of the mansion house, but converted by the logic of events into an outlying outbuilding. Not being within the curtilage, this building which was burned was not "parcel" of the dwelling house within the meaning of that term in section 1167 of the statutes.

But although the appellant was not guilty of the crime of arson defined in section 1167 of the Statutes, it does not follow that he was entitled to a peremptory instruction to find him not guilty.

In the Ellison case, supra, it was written that an indictment for arson charging that the place burned was a house was good, as the word "house" imported a dwell-

ing, and that the offense was proved by showing that either the dwelling or some outbuilding within the curtilage was burned. It therefore follows that, although the appellant was charged with burning a dwelling, he could have been convicted of the offense of arson had the building which he did burn been "parcel" of the dwelling, that is, within the curtilage. The Elliston case so holds.

Section 264 of the Criminal Code of Practice reads:

> "If an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive, or intention, the offense without the circumstances, or with part only, is included in the offense, although that charged may be a felony, and the offense, without the circumstances, a misdemeanor only."

The offense of burning an outbuilding within the curtilage being within the scope and intendment of the indictment for arson, though the building is described as a "house" or "dwelling house," the offense of burning such an outbuilding not within the curtilage is included in the offense charged. As stated, this latter offense, denounced by section 1168 of the Statutes, is included within the offense denounced by section 1167 and is a degree of the latter offense. The appellant, then, was not entitled to a peremptory instruction, but the question of his guilt under section 1168 of the Statutes should have been submitted to the jury. It was not, and, as the minimum punishment for that offense is less than the minimum punishment for the offense denounced by section 1167, the failure to submit the question of appellant's guilt of the offense denounced by section 1168 was prejudicial error.

As this case must be retried, it is proper to notice some of the other complaints of appellant upon this appeal. He insists that he was entitled to an instruction on "accidental burning." In Duvall v. Commonwealth, 225 Ky. 827, 10 S. W. (2d) 279, 281, we said:

> "Just when an affirmative instruction presenting the accused's theory of the case must be given is not always easy of solution. It has been held that, if his defense be an alibi, such theory need not be presented by an affirmative instruction. Wallace v. Commonwealth, 187 Ky. 775, 220 S. W. 1051; Edmonds v. Commonwealth, 204 Ky. 495, 264 S. W.

1100. This same has been held in the question of identity. Asher v. Commonwealth, 221 Ky. 599, 299 S. W. 203. In rape cases, it has been held that the question of consent need not be affirmatively submitted. Webb v. Commonwealth, 223 Ky. 424, 3 S. W. (2d) 1080. On the other hand, it is a matter of common knowledge that self-defense, insanity, and accidental killing must be affirmatively submitted. A consideration of these cases leads to the conclusion that, if the instruction which submits the commonwealth's theory of the case is couched in such language as the ordinary layman, who sits upon the jury, can easily and readily understand and comprehend, and its negative completely and adequately covers the defense of the accused, it is unnecessary to give an affirmative instruction on the theory of the defendant.''

Under the principle therein announced, we are of the opinion that appellant under the facts of this case was entitled to an instruction on ''accidental burning.'' In logic, it can scarcely, if at all, be differentiated from the right to an instruction on ''accidental killing'' in a homicide case. The instruction which the court gave, in substance, told the jury that it should convict appellant if it believed beyond a reasonable doubt that appellant ''unlawfully, willfully and maliciousy'' set fire to the building that was burned. Appellant's defense was that he was, in the nighttime while drunk, hunting for some whisky which he thought was concealed by Mrs. Watkins' tenant in the corn fodder in the building, and the match, which he had lighted to aid him in his search, itself an unlawful act under the evidence in this case, set fire to the shreds of fodder which, in turn, fired the building. The fact of appellant's illegal searching for the whisky may lead the ordinary layman to a confusion of ideas as to the words ''unlawful, willful and malicious'' in the instruction which the court gave, and hence we have reached the conclusion that under the facts of this case, appellant should have the instruction on accidental burning which he claims.

We refrain from discussing the argument of the commonwealth's attorney on the last trial, as we are sure he will, on the next, confine his argument to the law and facts of this case.

The other errors relied upon are either of such character as they will likely not occur again, for which reason we do not pass upon them, or of such unsubstantial character as not to warrant discussion. For the reasons mentioned, though, the judgment is reversed, with instructions to grant the appellant a new trial in conformity herewith.

Whole court sitting.