## HAMMONS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 24, 1952.

Joe S. Feather, R. L. Brown, Williamsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

SIMS, Justice.

Appellant, Denver Hammons, was convicted of having intoxicating liquor in his possession in local option territory for the purpose of sale, and his punishment was fixed at a fine of $50 and imprisonment in jail for 30 days. On his motion for a new trial, as well as on his motion for an appeal in this court, he assigned three errors: 1. He was entitled to a directed verdict; 2. incompetent evidence was admitted to his prejudice; 3. the instructions did not give the whole law of the case.

There is no contrariety in the facts. Police officers raided the apartment in which appellant lived in Corbin and found 24 half-pints of whiskey. Appellant operated a taxicab in Corbin and his driver was Odie Brewer. No question is raised as to the validity of the search warrant, and it was testified on the trial that a state policeman, in plain clothes, asked Brewer to get him some whiskey; that Brewer left

his cab, went into the building through a door leading to appellant's apartment, and in two or three minutes returned with a half-pint of whiskey of the same brand found in appellant's apartment. There was proof that appellant's reputation was bad for unlawfully dealing in whiskey.

Appellant's defense was that he bought this whiskey legally in Middlesboro and had same in his possession for personal use. He insists that under De Attley v. Com., 310 Ky. 112, 220 S.W.2d 106, his motion for a directed verdict should have been sustained. The facts in the two cases distinguish them. De Attley had just a little over two pints of whiskey in his possession and proved he was taking it under the prescription of a physician. The only damaging evidence against De Attley was his bad reputation. Here, appellant's bad reputation was proven; he had 24 half-pints of whiskey in his possession; and the driver of his cab when asked where whiskey could be obtained entered appellant's apartment, returned in a few minutes with a half-pint of whiskey and sold it to a police officer in plain clothes, who was interested in apprehending persons engaged in the illegal whiskey traffic. Patently, there was sufficient evidence in the instant case to take it to the jury.

■ It is urged by appellant that the testimony of Yaden, the officer who bought the whiskey from appellant's driver, is not competent under the case of Cartwright v. Com., 196 Ky. 6, 244 S.W. 55. We presume that case is cited to show that appellant was not responsible for the act of his agent and driver in selling this whiskey, unless the Commonwealth proved the driver had express authority from appellant to sell the whiskey as his agent, which the Commonwealth did not do. However, this testimony was not offered for the purpose of making appellant liable for the sale through his agent. It was admitted to prove appellant had whiskey in his possession for the purpose of sale. Clearly, this evidence tended to prove the purpose for which appellant possessed the whiskey, therefore it was competent.

■■ There is merit in the contention the court erred in not giving an instruction to the effect that if the jury believed from the evidence appellant had this whiskey in possession for his personal use, then it should acquit him. He admitted possession of the whiskey, and his sole defense was he had it for his personal use. In such circumstances his defense should have been submitted to the jury. Directly in point is Whitehead v. Com., 192 Ky. 428, 233 S.W. 890, where we said it was reversible error, in circumstances similar to those here, not to instruct on the accused's right to have whiskey in possession for his personal use. When the defense for the illegal possession of whiskey is but a denial of the charge, it is not necessary to instruct on the accused's theory of the case; but where the accused admits possession and defends on the ground he possessed it for personal, or any other legal use, his defense should be submitted to the jury in an affirmative instruction. Cartwright v. Com., 196 Ky. 6, 244 S.W. 55; Scott v. Com., 311 Ky. 419, 224 S.W.2d 458; Robinson v. Com., 311 Ky. 818, 226 S.W.2d 9. See Duvall v. Com., 225 Ky. 827, 10 S.W.2d 279, and Wilson v. Com., 303 Ky. 219, 197 S.W.2d 240, for a discussion of the question when an accused should have his theory of the case submitted to the jury in an affirmative instruction.

The motion for an appeal is sustained, the appeal granted and the judgment is reversed for proceedings consistent with this opinion.

CAMMACK, C. J., and COMBS, J., dissent on the ground the instruction which submitted the Commonwealth's theory of the case is couched in such language that the ordinary juryman can easily understand, and its negative completely and adequately covers the defense of accused; hence it was not necessary to give an affirmative instruction on the theory of defendant.