## REYNOLDS v. COMMONWEALTH.

Court of Appeals of Kentucky.
.March 27, 1953.

Rehearing Denied May 22, 1953.

Sanders & Hyden, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., and J. A. Runyon, Pikeville, for appellee.

SIMS, Chief Justice.

Appellant, Buster Reynolds, was convicted of grand larceny of a steel derrick and his punishment was fixed at 18 months in the penitentiary. On this appeal he raises only one question, the court erred in not submitting his defense in a concrete instruction.

The proof shows that a steel derrick, the property of the Columbian Fuel Corporation, had been dismantled and left for several years on a lease upon which the company had drilled a well which produced oil and gas. Late one Sunday afternoon in November 1951, Ernest Stanley and appellant, who are half brothers, loaded the derrick on a truck belonging to Johnny Thornsbury, which his brother, Bill Thornsbury, drove to Ashland that night, arriving there about 7 o'clock the next morning, where Ernest and Buster sold the steel to a junk dealer for $177. The record is not clear as to which of · the men made the sale, but a check for $100 was made to Buster and $77 in cash was paid to either Bill Thornsbury or Ernest Stanley. Stanley testified he had permission from a representative of the company, Harry Trimble, to remove and dispose of the derrick, which was denied by Trimble.· Further, Stanley testified he employed appellant for $20 to help load the derrick on the truck, but the $20 was not paid until after the derrick was sold.

Appellant's defense was that Ernest Stanley employed him for $20 to help load the truck and he would not have done so had he not relied upon the fact that Stanley said he had permission to remove and dispose of the derrick. Appellant insists that it was error for the court to fail to set out his defense in a concrete instruction, citing Evitts v. Com., 257 Ky. 586, 78 S.W.2d 798.

In our cases we have written two rules as to when an accused is entitled to a concrete instruction covering his theory of the case. One rule is to the effect that

where he admits the commission of the apparent offense, or the essential elements thereof, and relies upon facts and circumstances amounting to an avoidance of the crime, he is entitled to a concrete instruction covering his theory of the case, and a mere general instruction is not sufficient. Evitts v. Com., 257 Ky. 586, 78 S.W.2d 798; Frazier v. Com., 291 Ky. 467, 165 S.W.2d 33; Scott v. Com., 311 Ky. 419, 224 S.W.2d 458; Horn v. Com., Ky., 251 S.W.2d 864; Wilson v. Com., 303 Ky. 219, 197 S.W.2d 240; Hammons v. Com., Ky., 252 S.W.2d 51. There are many other cases stating this rule, but it is unnecessary to cite them.

█ The other rule is to the effect that where the instruction submitting the Commonwealth's theory of the case is couched in such language the ordinary juror can easily understand, and its negative (raised by the usual reasonable doubt instruction) completely and adequately covers the defense of accused, it is not necessary to give an affirmative instruction embodying his theory. Duvall v. Com., 225 Ky. 827, 10 S.W.2d 279; Cooksey v. Com., 235 Ky. 454, 31 S.W.2d 703; Abshire v. Com., 281 Ky. 470, 136 S.W.2d 567; Davenport v. Com., 285 Ky. 628, 148 S.W.2d 1054, 1060. Also see Joy v. Com., 203 Ky. 426, 262 S.W. 585; Gibson v. Com., 204 Ky. 748, 265 S.W. 339, 344, upon which the rule is based.

These two rules are not in conflict as may appear at first blush. True, we have frequently mentioned the difficulty of their respective application. It is worthy of mention that in Scott v. Com., 311 Ky. 419, 224 S.W.2d 458, one Judge dissented, and in Hammons v. Com., Ky., 252 S.W.2d 51, two Judges dissented, the dissent in each case being based upon the idea that the general instruction covered the accused's theory of the case. We think much of the confusion will disappear if the second rule be read in conjunction with the first.

In Grigsby v. Com., 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196, we discussed the two rules in a case where accused was charged with rape and he admitted the intercourse but defended on the ground prosecutrix consented thereto for a consideration. Accused contended he was entitled to an instruction in effect that if prosecu-

trix consented, he should be acquitted. We held his contention was without merit since the issue was not whether accused had a felonious intent, but was whether he used force or fear to accomplish his purpose, and that the general instruction on rape covered his defense. It was there written if the criminal intent is the specific issue and accused admitted facts which constituted the crime, but proved circumstances which showed no criminal intent, he is entitled to a concrete instruction covering his theory of the case. But this does not apply in every instance where criminal intent is an essential element of the crime charged. If the general instruction fully covers the issue of accused's criminal intent, as it did in the case at bar, he is not entitled to a concrete instruction.

In Morgan v. Com., 242 Ky. 116, 45 S.W. 2d 850, accused admitted he swore falsely before the grand jury that he had not been convicted in police court of drunkenness. However, he testified on his trial for false swearing that he was under the impression his conviction in police court had been for fighting, and we said he was entitled to a concrete instruction on his trial for false swearing covering his theory of the case, since it was not covered in the general instruction.

In Luttrell v. Com., 250 Ky. 334, 63 S.W. 2d 292, it was written defendant was entitled to a specific instruction on intent only when the nature of the evidence was such as to make a specific issue as to intent; to which we now add, and the general instruction does not plainly state that defendant cannot be convicted unless the jury believe beyond a reasonable doubt he had the specific criminal intent.

A good discussion of the question of when a concrete instruction should be given covering defendant's theory of the case appears in Duvall v. Com., 225 Ky. 827, 10 S.W.2d 279, 281. There, the defendant was accused of embezzlement. He admitted collecting the money but defended on the ground he had lost it. It was held the usual instruction requiring the jury to believe beyond a reasonable doubt that defendant had "willfully and feloniously appropriated or converted to his own use $19 * * * with

intent to deprive the \* \* \* Company thereof," before they could convict him was so clear an ordinary layman would understand that if defendant lost the money he could not be convicted. The author of the Duvall opinion, Judge Dietzman, also wrote Jones v. Com., 239 Ky. 110, 38 S.W.2d 971, 974, where accused was charged with arson. His defense was that at night while drunk and looking for whiskey, he lighted a match to aid him in his search and set fire to some shreds of fodder in the building. Judge Dietzman cited the Duvall case and then said that the fact of accused searching for illegal whiskey may lead the ordinary layman to a confusion of ideas as to the words "unlawfully, willfully and maliciously" in the given instruction, and the accused under the facts was entitled to an instruction on accidental burning as he claimed.

There is no doubt that criminal intent is the real issue in the case before us. As appellant admits all the elements of the crime of grand larceny except the criminal intent, it would appear that under the rule enunciated in Evitts v. Com., 257 Ky. 586, 78 S.W.2d 798, and cognate cases, he was entitled to a concrete instruction. However, the jury was instructed that before they could convict appellant they must believe beyond a reasonable doubt he "did unlawfully, steal and carry away the steel derrick of the value of $3000, or any value more than $20, the personal property of the Columbian Fuel Corporation, with the felonious and fraudulent intent then and there to convert it to his own use and to deprive permanently said corporation of its property without the consent of said corporation." The negative was raised by the usual reasonable doubt instruction which followed the first instruction. The language was such that an ordinary layman could readily understand and comprehend it. The jury could not have failed to understand from the instruction that before they could convict appellant they must believe beyond a reasonable doubt he stole the property with intent to "then and there convert same to his own use and to deprive permanently the said corporation of its property without the consent of said corporation." If the jury believed appellant had been employed to load and haul the derrick to the scrap

dealer and he did so without any intent to convert same to his own use and to deprive the owner of its property, then under the first instruction given they could not do otherwise than to acquit him. We can see no reason why the jury should have been told in a concrete instruction that if they believed appellant was employed to load this derrick, and he did not take and carry away same with intent to convert it to his own use and to deprive permanently the owner thereof, he could not be convicted, because the general instruction had already told them that.

■ The first instruction completely covered the defense of appellant and an affirmative instruction incorporating his defense would have been only redundant, and therefore was unnecessary, even though criminal intent was an essential element of the crime with which he was charged.

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.