**Cecil BOWLING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1960.

Lewis A. White, Mt. Sterling, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Appellant was convicted of illegally possessing alcoholic beverages in a dry territory for purpose of sale. KRS 242.230. He was fined $20, sentenced to 60 days in jail, and placed under $1,000 peace bond for 12 months. KRS 242.990(1); KRS 242.410. His defense was that although the liquors in question were in his possession they had been bought the day before by him and his brother-in-law for personal consumption by them and their wives during a fishing trip planned for the near future. He contends that the court erred in failing to give a specific instruction on this theory of the case. He is right. See line of cases including Hammons v. Com., Ky., 252 S.W.2d 51; Reynolds v. Com., Ky., 257 S.W.2d 514; Gossett v. Com., Ky., 295 S.W.2d 338; Noble v. Com., Ky., 295 S.W.2d 343; Irvin v. Com., Ky., 317 S.W.2d 178; Taylor v. Com., Ky., 321 S.W.2d 55, and Ramsey v. Com., Ky., 325 S.W.2d 307. Therefore, his appeal must be granted.

It is suggested in behalf of the state that appellant's contention that half of the liquor belonged to his brother-in-law distinguishes the case from the Hammons and other cases above cited wherein the defendant was the exclusive owner of the liquor, and distinguishes it also from the Noble, Taylor and Ramsey cases wherein the defendant claimed the liquor to be the exclusive property of someone else. The instant case is, of course, a combination of the two situations, wherein the defendant's theory is that he owned half and his brother-in-law owned half, or else they jointly owned it all. It would be a strange result to say, then, that the principle enunciated in those decisions does not apply.

Motion for appeal sustained, appeal granted, and cause reversed for further proceedings consistent herewith.