Natividad SALINAS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16231.

United States Court of Appeals
Ninth Circuit.

May 2, 1960.

Rehearing Denied May 19, 1960.

---

Taylor & Taylor, Warren A. Taylor, Warren Wm. Taylor, Fairbanks, Alaska, Fred D. Crane, Kotzebue, Alaska, for appellant.

Russell R. Hermann, U. S. Atty., Nome, Alaska, for appellee.

Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

The appellant, Natividad Salinas, was accused of the crime of arson in the first degree by the first count of a two-count indictment filed in the United States District Court for the Territory (now State) of Alaska. The second count charged him with an offense designated as "burning to defraud insurer." [1] With respect to the first count, the trial court instructed the jury that the charge of arson in the first degree as set out in the indictment included a charge of arson in the second degree. The jury acquitted the appellant of the crime set out in Count Two of the indictment, but found him "guilty of the crime of arson in the second degree as included in the offense charged in Count No. 1 of the Indictment."

1. Jurisdiction of the lower court was obtained under 48 U.S.C.A. § 101. Since the appeal was commenced on October 15, 1958, prior to Alaska becoming a State, this court still has jurisdiction under 28 U.S.C. § 1291 under existing law prior to Public Law 85–508, 72 Stat. 339. See Budke v. Kaiser-Frazer, 9 Cir., 275 F.2d 217.

The sole ground urged by appellant for reversal of the judgment is that the indictment did not charge him with the crime of which he was convicted—that is, arson in the second degree.[2] The language of the first count of the indictment, so far as need be noticed here, is as follows:

That * * * the defendant Natividad Salinas willfully and maliciously set fire to and burned a dwelling house which contained a restaurant known as the Kotzebue Grill and which contained living rooms on the second floor * * *

By Alaska statute, anyone who willfully burns " * * * any dwelling house * * * or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto * * * " is guilty of "arson in the first degree" and subject to imprisonment for not less than two nor more than twenty years. Sec. 65–5–1, A.C.L.A. Supplement. The provisions of the statute immediately following the one just referred to provide that any person who similarly burns " * * * any building or structure of whatsoever class or character * * * not included * * * in the preceding section," is guilty of "arson in the second degree" and subject to a lesser penalty. Sec. 65–5–2, A.C.L.A. Supplement.

■■ Due process requires that one accused of crime must be fully apprised of the nature and cause of the charge against him; to that end, an indictment must contain an averment of every essential element of the crime with which he is charged in order that he may prepare his defense. Moore v. Missouri, 1895, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301; Hodgson v. Vermont, 1897, 168 U.S. 262, 18 S.Ct. 80, 42 L.Ed. 461.

Every criminal offense is made up of several elements. Frequently some, but not all, of the elements peculiar to one offense are common to another offense or crime and are sufficient in themselves to constitute a complete criminal offense. A clear illustration of this is provided by the crime of "assault with a deadly weapon," which as the designation itself implies, includes as a necessary constituent the crime of "assault" as well as the added element requiring use of a deadly weapon. In this situation the constituent offense as assault is "necessarily included" in the commission of the crime of assault with a deadly weapon, with the latter being the greater and the former the lesser crime. An indictment charging the greater offense would of necessity embrace all the elements of the lesser offense and apprise the accused that he was charged with the commission of the acts constituting the lesser offense. People v. Kerrick, 1904, 144 Cal. 46, 77 P. 711; State v. Woolman, 1934, 84 Utah 23, 33 P.2d 640, 93 A.L.R. 723.

Similarly, a particular crime charged might embrace a lesser crime within its averments, depending upon the manner in which the major offense was committed. A particular instance is the crime of murder, which may be committed in numerous ways: if the indictment charged a homicide committed by force and violence, then an indictment setting out the manner in which the murder was committed would also embrace the constituent offenses of assault and battery, not as "necessarily included" offenses, but by reason of the statement showing the particular manner in which the greater offense was committed. Ex parte McLeod, 1913, 23 Idaho 257, 128 P. 1106, 43 L.R.A.,N.S., 813; People v. Miller, 1911, 143 App.Div. 251, 128 N.Y.S. 549. Here too, the indictment would apprise the accused that he was charged with all of the acts which con-

2. Appellant's brief contains no specification of errors as required by Rule 18 of this court, 28 U.S.C.; however, in it he devotes his entire argument to the thesis that arson in the second degree is not necessarily included in a charge of arson in the first degree. At the conclusion of this he states: "the appellant rests the entire case on the sole argument deeming same sufficient to merit reversal * * *." We accept this statement and limit our discussion to a consideration of this one question.

stituted the elements, and were necessary for commission, of the lesser offenses.

Often a particular crime is graded or classified into degrees " * * * in order that the punishment may be adjusted with reference to the presence or absence of circumstances of aggravation." Davis v. Utah Territory, 1893, 151 U.S. 262, 266, 14 S.Ct. 328, 329, 38 L.Ed. 153. Where a substantive crime is so divided, the elements necessary to the commission of the crime itself are the same in each instance, but the degree of culpability differs depending upon the category in which the circumstances place the offense. For example, in State v. Colgate, 1884, 31 Kan. 511, 3 P. 346, 348, the court, in considering the statutes of Kansas which divided the offense of arson into four degrees, stated:

"The generic offense seems to be the willful setting fire to or burning property to the injury of another. This offense may, in some one or more of its different degrees, be committed at any time and with respect to any tangible combustible property, except, perhaps, some kinds of real estate; and the offense may be aggravated, mitigated, or modified by many circumstances, so as to place it in one or another of several of the four different degrees."

Thus, where the indictment sets out a crime divided into degrees the defendant is put on notice of the particular offense charged against him together with any aggravating circumstances appearing by additional averments. State v. Colgate,

supra; State v. Eubanks, 1956, 77 Idaho 439, 294 P.2d 273.

■ The well settled rule, recognized in Alaska by two statutes,[3] is that when an indictment charges a crime in which a lesser offense is necessarily included, or charges a higher degree of a particular offense that is divided into degrees, the accused, although acquitted of the greater offense or of the higher degree of the same offense may, consistent with the requirements of due process, be convicted of a lesser included offense or a lower degree of the offense charged. State v. Colgate, supra; Ex parte McLeod, supra; 4 Wharton's Crim.Law & Proc. (12 Ed.1957), Sec. 1799. As stated in State v. Colgate, supra, 3 P. at page 348:

"* * * when the information or indictment charges the defendant with committing one of the higher degrees, he may be found guilty of that degree, or of any inferior degree, or of any offense included therein, or of an attempt to commit the offense * * * however, the defendant can be found guilty of the offense, or of a degree thereof, or of an attempt to commit the same, only where the facts of such offense, or the degree of which he is found guilty, are properly set forth, or alleged, in the information or indictment."

The appellant apparently recognizes that an accused may be convicted under a proper indictment either for the lower degree of a particular crime where a higher degree is charged, or for a lesser offense necessarily included in a gerater. Yet his argument, as we understand it, is

---

3. The two statutes are as follows:

"That in all cases the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment or of an attempt to commit such crime." Sec. 66–13–74, A.C.L.A.

"That upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the crime or any

such inferior degree thereof." Sec. 66–13–73, A.C.L.A.

Likewise Rule 31(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides in part that a defendant " * * may be found guilty of an offense necessarily included in the offense charged * * *." This is applicable to courts for the Territory of Alaska by Rule 54 (a) (1), Federal Rules of Criminal Procedure; Barbeau v. United States, 9 Cir., 1951, 193 F.2d 945.

that arson in the second degree is not included as a lesser degree of the crime of arson as charged by the indictment, but is a separate and distinct offense, "not necessarily included" in that charged by the indictment. He asserts that these conclusions necessarily follow from an application of the following test recognized and approved by this court in Giles v. United States, 9 Cir., 1944, 144 F.2d 860, 861: " 'To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser.' House v. State, 186 Ind. 593, 117 N.E. 647."

This test is of doubtful application in determining whether the elements of a lesser degree of a substantive crime, divided into several degrees, are included in a charge of a higher degree of that crime; it is more appropriate where different crimes are being considered. The elements of a single crime divided into degrees are the same in each instance, and only one crime can be committed. The aggravation of the basic offense may vary in each degree; the substantive crime, with its elements, remains the same. The Giles case did not seek to apply the above test to determine the sufficiency of an indictment that charged one crime divided into degrees, but rather whether one crime was necessarily included in another, different crime. This was also the situation in the House case where the rule originated; there the court was careful to note specifically that it was not dealing with an offense divided into degrees.

■ We are inclined to view the two statutes relating to first and second degree arson as commonly denouncing but one crime—that of arson. As it relates to buildings and structures, this crime is divided into two grades, the one being more aggravated than the other by reason of the particular nature of the building burned, i. e., a dwelling house. Consequently an indictment charging the more aggravated degree necessarily contains all of the elements of the lower degree.

■ However, in this instance, even if we assume that these are two separate and distinct crimes, the averments appearing in the indictment encompass both crimes, and satisfy the test established in the House case. Appellant states that a "distinction" exists between arson in the two degrees, " * * * thus indicating that in arson second degree, the building or structure to be burned is the type not enumerated in the class of buildings set forth in arson first degree." But this very "distinction" serves to demonstrate why a charge of arson in the first degree embraces in its statement all the elements essential to a charge of arson in the second degree. For it is manifest that a "dwelling house * * * or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto," each of which is expressly made the subject of arson in the first degree by Section 65–5–1, A.C.L.A., is a building or structure; this in fact is expressed in the companion statute which defines the subject of arson in the second degree as, "any building or structure * * * not included or described in the preceding section * * *."

Granted that a distinction exists, the distinction is not that the subjects of arson in the first degree are not buildings or structures while those encompassed by second degree are, but rather that as buildings and structures, the former possess distinctive features setting them apart from buildings and structures generally. See Jones v. Commonwealth, 1931, 239 Ky. 110, 38 S.W.2d 971. We are unable to perceive how it it possible to burn a dwelling house without burning a building or structure, and therefore the requirements of the House test have been met. Nor can we conclude, under any theory, that a charge of arson in the first degree consisting of the burning of a dwelling house would not apprise the accused that he was charged with burning a building or structure.

The judgment is affirmed.