**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES RICHARD BIBBEE,

Petitioner-Appellant,

v.

H. N. SCOTT,

Respondent-Appellee.

No. 98-6445
(D.C. No. CV-98-378-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Richard Bibbee, an Oklahoma state prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He raises one issue: whether his due process rights were violated when he was charged with first-degree malice murder, but convicted of second-degree depraved mind murder. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

In July 1991, Bibbee, "who had been drinking and was perhaps enraged by a homosexual advance, beat the victim with his fists, kicked him with his boots, and jumped on him, knocking him out," Appellant's Br. at 10, and left him by the side of the road,   see Appellant's App., doc. 7 at 7. The beating caused the victim's death. The State filed an information charging Bibbee with first-degree malice murder. [1]

At trial, Bibbee maintained that he was acting in self-defense.       In addition, he presented the testimony of a psychologist that, as a teenager, Bibbee had been the victim of a homosexual assault and any similar incident would trigger a quick

_____

[1]     The information is not in the record on appeal, and it is unclear whether it was included in the district court record. The parties both state that Bibbee was charged with first-degree murder. Bibbee states that the preliminary information charged defendant with "Murder in the First Degree and that crime's lesser included offenses." Appellant's App., doc. 8 at 4 (petitioner's memorandum brief filed in federal district court).

response from Bibbee.  The jury was instructed on first-degree malice murder, second-degree depraved mind murder, and first-degree heat of passion manslaughter.   Counsel for Bibbee objected to the second-degree murder instruction, arguing that the evidence did not support it, and proposed an instruction on second-degree manslaughter (culpable negligence).

The jury found Bibbee guilty of second-degree murder.  The Oklahoma Court of Criminal Appeals upheld the conviction in a summary disposition of his direct appeal.  Subsequently, the state trial court denied Bibbee's counseled application for post-conviction relief.  While the appeal of that order was pending, the Oklahoma Court of Criminal Appeals issued      Willingham v. State   , 947 P.2d 1074, 1080-82 (Okla. Crim. App. 1997),      cert. denied  , 118 S. Ct. 2329 (1998), which held that, under the Oklahoma murder statutes, second-degree depraved mind murder is not a lesser-included offense of first-degree malice murder.  Bibbee then attempted to add an argument about the second-degree murder instruction to his post-conviction appeal.  The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief and denied permission to amend, stay, or remand.

Bibbee then filed a petition for habeas corpus in the federal district court, arguing that, under Oklahoma law, the state trial court lacked jurisdiction to try him for second-degree murder because that offense was not charged in the

information and the lack of jurisdiction amounted to a due process violation. The district court determined that "[e]ven assuming federal rights are implicated, if state law permits the jury's consideration of other forms of homicide, no due process right has been violated." Appellant's App., doc. 6 at 2. The court concluded that the instruction and conviction were not contrary to state law, and, therefore, there was "no error, constitutional or otherwise." Id. A grant of certificate of appealability and this appeal followed.

## DISCUSSION

Bibbee filed his habeas petition after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the standards of AEDPA, a habeas claim may be granted only if state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Hooks v. Ward , 184 F.3d 1206, 1213 (10th Cir. 1999).

There are two strands to Bibbee's claim that he was denied his federal constitutional right to due process of law: (1) the trial court lacked jurisdiction

-4-

to subject him to a second-degree murder instruction; and (2) he had received no notice that he would be subjected to a second-degree murder instruction. Both strands are tied to the Willingham holding.

In Willingham, a defendant convicted of first-degree malice murder claimed that the district court had committed error by refusing "to instruct the jury on the offense of second degree depraved mind murder as a 'lesser included' offense." Willingham, 947 P.2d at 1079-80. After an examination and interpretation of the Oklahoma murder statutes, the Oklahoma Court of Criminal Appeals rejected this claim.

For an offense to be a lesser-included offense of a parent offense, the elements of the prospective lesser-included offense must be a subset of those contained in the parent offense. See Schmuck v. United States, 489 U.S. 705, 716 (1989). In Oklahoma, first-degree malice murder "requires an intent to kill, regardless of the means used." Willingham, 947 P.2d at 1081. [2] As of 1976, when a statutory revision became effective, "[s]econd degree murder requires that the defendant act with imminently dangerous conduct." Id.[3] The court conceived of

---

[2]     The elements of first-degree malice murder are:  "(1) unlawful (2) death of a human (3) caused by another (4) with malice aforethought." Willingham, 947 P.2d at 1081 (citing Okla. Stat. tit. 21, § 701.7(A) (1995 Supp.))

[3]     The elements of second-degree "depraved mind" murder are:  "(1) death of a human; (2) caused by conduct which was imminently dangerous to another person; (3) the conduct was that of the defendant; (4) the conduct evinced a

(continued...)

"circumstances that first degree malice murder can occur without the use of imminently dangerous conduct." Id. It concluded, therefore, that "second degree depraved mind murder is not necessarily included in a charge of first degree malice murder." Id.

Although the relevant statutory change occurred in 1976, the case law "[a]pparently . . . failed to recognize" the consequences. Id. Accordingly, at the time of Bibbee's trial, Oklahoma courts treated second-degree depraved mind murder as a lesser-included offense of first-degree malice murder. See Hooks, 184 F.3d at 1233 n.25 (explaining the effect of Willingham); Boyd v. Ward, 179 F.3d 904, 916 (10th Cir. 1999) (same).

### A. Lack of trial court jurisdiction

Bibbee argues that the procedure followed in his case violated a "fundamental procedural framework of Oklahoma jurisprudence, an action which is itself a violation of the Fifth and Fourteenth Amendments' core rights of due process." Appellant's Br. at 14. The theory is that, in the absence of a filed information alleging the essential elements of second-degree murder, the trial court lacked jurisdiction to try him for that crime.

---

[3](...continued)
depraved mind in extreme disregard of human life; [and] (5) the conduct was not done with the intention of taking the life of any particular individual." Willingham, 947 P.2d at 1081; Okla. Stat. tit. 21, § 701.8.

Bibbee has identified inconsistencies in law and procedure. At the time of his trial, Oklahoma courts had consistently held that an information setting out the critical elements of the charged offense is the means by which the trial court is vested with jurisdiction. See Miller v. State, 827 P.2d 875, 879 (Okla. Crim. App. 1992) (holding that a failure to allege every material element of a crime was fatal to jurisdiction), overruled by Parker v. State, 917 P.2d 980 (Okla. Crim. App. 1996) (holding that "a trial court's jurisdiction is triggered by the filing of an information alleging the commission of a public offense with appropriate venue" and that "any failure to allege facts constituting the offense . . . does not affect the trial court's jurisdiction."). Bibbee's jurisdictional argument is an arguable application of the Willingham holding and the Miller rule.

> On federal habeas review, however,
>
> we are not empowered to correct all errors of state law. See Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998). "[W]e may grant habeas relief to a state prisoner only if state court error deprived him of fundamental rights guaranteed by the Constitution of the United States." Id. (citation and internal quotation omitted).

Johnson v. Gibson, 169 F.3d 1239, 1252 (10th Cir.), cert denied, No. 99-5964, 1999 WL 688740 (U.S. Nov. 1, 1999). "Insofar as petitioner challenges the adequacy of the information under Oklahoma law, this is a question of state law." Id. It is therefore necessary to turn to the second strand of Bibbee's appellate argument to determine whether he has stated a valid habeas claim.

## B. Lack of adequate notice

It is a basic principle of procedural due process "that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." Cole v. Arkansas, 333 U.S. 196, 201 (1948); see also Combs v. Tennessee, 530 F.2d 695, 698 (6th Cir. 1976) (requiring notice with "[s]uch definiteness and certainty . . . as will enable a presumptively innocent man to prepare for trial").

"In order to determine whether a defendant has received constitutionally adequate notice, the court looks first to the information." Calderon v. Prunty, 59 F.3d 1005, 1009 (9th Cir. 1995). "A charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him." Johnson, 169 F.3d at 1252. A variance between the evidence adduced at trial and the facts alleged in an information is reversible error "if the defendant is prejudiced in his defense because he cannot anticipate from the [information] what evidence will be presented against him. . . ." Rogers v. Gibson, 173 F.3d 1278, 1287 (10th Cir. 1999) (quotations and citation omitted).

It is generally accepted that a defendant has sufficient notice of an offense included within an indictment charging a more aggravated degree of that offense.

See Fransaw v. Lynaugh, 810 F.2d 518, 529 (5th Cir. 1987); see also Salinas v. United States, 277 F.2d 914, 918 (9th Cir. 1960) (holding that first-degree arson charge for burning a dwelling house provides notice of charge of second-degree arson for burning a structure). "'[I]t is inconceivable that in preparing a defense against [the greater charge, the defendant] was precluded from adequately defending himself against . . . a lesser included offense." United States v. Cova, 755 F.2d 595, 599 (7th Cir. 1985), overruled on other grounds by United States v. Schmuck, 840 F.2d 384 (7th Cir. 1988), aff'd, 489 U.S. 705 (1989).

At the time of trial, Oklahoma courts treated second-degree depraved mind murder as a lesser-included offense of first-degree malice murder. See Hooks, 184 F.3d at 1233 n.25 (declining to consider the State's Willingham argument because the decision post-dated petitioner's trial by over eight years). Additionally, Oklahoma law required the district court "to instruct the jury on every degree of homicide which the evidence in any reasonable view suggests." Fowler v. State, 779 P.2d 580, 585 (Okla. Crim. App. 1989). In instructing on second-degree murder, the state trial judge followed Oklahoma law as it then existed.

Given the commonly-accepted state of the law, we cannot credit Bibbee's claim of "complete lack of notice [prior to the jury instruction conference] that he would have to defend against the second-degree murder charge." Appellant's

Reply Br. at 8. For Bibbee, a charge of first-degree malice murder provided notice of the charge of second-degree depraved-mind murder offense. [4] Therefore, he was not deprived of his constitutional right to due process of the law.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.

Entered for the Court

David M. Ebel
Circuit Judge

---

[4] An appellant has the responsibility of providing us with the appropriate record for appeal. Deines v. Vermeer Mfg. Co., 969 F.2d 977, 978 (10th Cir. 1992); Fed. R. App. P. 10(b)(2). We note that the record contains no factual support for a contention that Bibbee was actually unaware of the potential for a second-degree murder charge. At trial, counsel's objection to the giving of a second-degree murder instruction was based solely on the grounds that the evidence did not support it.